MAX KAMINSKY, as Administrator, etc., of HORTENSE KAMINSKY, Deceased, Appellant, *v.* JACOB SARNOFF, Respondent

Second Department, April 29, 1927.

Physicians and surgeons — negligence — action to recover damages for alleged negligence on part of defendant in failing to operate for acute appendicitis at time when appendix had not ruptured — plaintiff's evidence established prima facie case — error to nonsuit plaintiff at close of his case.

In an action against a physician to recover damages for negligence based on his failure to operate on plaintiff's intestate for acute appendicitis at a time when the appendix had not ruptured, the evidence on behalf of plaintiff established a *prima facie* case, since it appears that the defendant examined the intestate at ten o'clock in the morning and advised immediate operation; that at that time the appendix had not ruptured; that the defendant then left the intestate in the hospital for nearly three hours during which period the appendix ruptured and at the time of the operation was discharging pus, from which followed peritonitis or septacemia, resulting in death.

APPEAL by the plaintiff, Max Kaminsky, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 18th day of May, 1926, upon the dismissal of the complaint at the close of the plaintiff's case.

This is an action to recover damages for the death of plaintiff's intestate child due to defendant's negligence.

*Ralph G. Barclay* [*Louis Rothbard* with him on the brief], for the appellant.

*Lorenz J. Brosnan,* for the respondent.

KELLY, P. J. It was error for the learned trial justice to grant the defendant's motion for nonsuit at the end of plaintiff's case in chief. At that time the evidence presented an issue of fact

whether the death of the child was caused by the failure of the defendant to perform the operation for appendicitis in time. The answer admits the employment of defendant to operate upon the child, and the plaintiff's evidence is that defendant examined her superficially about half-past ten in the morning when she was brought to the hospital, that he said that she had acute appendicitis, but that her appendix had not ruptured, that she should be operated upon immediately and that " every minute means her life." But the evidence is that defendant left the hospital after making this diagnosis, and did not return until ten minutes to one o'clock, at which time the appendix was found to have ruptured and was discharging pus. The plaintiff's experts testified to their opinion that this delay was a competent cause for the subsequent death of the child from peritonitis or septacemia. It may be that the defendant can explain or contradict this evidence, but it was error to nonsuit the plaintiff.

The judgment should be reversed upon the law and a new trial granted, with costs to appellant to abide the event.

MANNING, YOUNG, KAPPER and HAGARTY, JJ., concur.

Judgment reversed upon the law and new trial granted, costs to appellant to abide the event.