DONALD M. FISHER et al., as Trustees under the Will of BERNARD FISHER, Deceased, et al., Appellants, v. CITY OF SYRACUSE et al., Respondents. (Appeal No. 1.)

SIDNEY BLUMAN, Individually and as Executor of ISABEL HURWITZ, Deceased, Appellant, v. CITY OF SYRACUSE et al., Respondents. (Appeal No. 2.)

Fourth Department, December 12, 1974.

Raphael, Searles, Vischi & Sackman (Julius L. Sackman of counsel), for appellants.

*Harold T. Limpert* (*Lewis B. Helfstein* of counsel), for respondents.

*Per Curiam.* Appellants seek damages for the diminution in value of their properties and for the increased expense of maintaining them which they allege result from the acts of the City of Syracuse.

The properties are located within an area approved for urban renewal as a part of the city's general neighborhood renewal plan. They were subsequently designated for acquisition by the Common Council. Although the plan was adopted more than 10 years ago, the properties have not been taken and it is claimed that substantial damage has resulted during the interim from this threat of condemnation. Special Term held that in the absence of a "taking" the appellants were not entitled to damages from the city and dismissed the complaints for failure to state a cause of action (*Fisher* v. *City of Syracuse,* 78 Misc 2d 124). We affirm that decision (see *Danforth* v. *United States,* 308 U. S. 271; *City of Buffalo* v. *Clement Co.,* 28 N Y 2d 241; and cf. opn. at the Appellate Division, 34 A D 2d 24). Furthermore, without an actual or *de facto* taking of the property the appellants are not entitled to be compensated for damages under the due process and equal protection clauses of the State and Federal Constitutions (see *Sayre* v. *City of Cleveland,* 493 F. 2d 64). The judgments should be affirmed.

GOLDMAN, J. (concurring). I concur in affirmance but feel constrained to point out a substantial wrong which has been visited upon appellants. The facts are not in dispute.

The properties owned by both plantiffs are situated within a 101 block area within the City of Syracuse designated as the Syracuse Hill Neighborhood Development Program and there are over 1,600 individual parcels of land within the area. In 1962 the Syracuse Urban Renewal Agency, a department of the city, commenced a comprehensive urban renewal study and made renewal plans for the area in question. The Common Council of the city approved an ordinance authorizing an application by the city to the Federal Government for a planning grant for the urban renewal project. On September 12, 1966 the Common Council approved an initial partial acquisition of properties. On October 14, 1966 the city submitted a plan of acquisition for a portion of the renewal area, which plan included the property of appellant Bluman but did not include the property of appellants Fisher. Although the city has acquired title to many of the properties in the area, no proceeding has been commenced to

condemn appellants' properties and no compensation has been paid to them.

Special Term found that : '' It is undisputed that for more than 10 years the above events and activities associated therewith were the subject of wide and frequent publicity in the news media in the City of Syracuse and were the subject of frequent correspondence and conferences between the parties in both of the above-captioned actions.''(*Fisher* v. *City of Syracuse*, 78 Misc 2d 124, 126.)

In furtherance of the plan many buildings were demolished and others were boarded up in the immediate area where appellants' properties are located. Appellants brought these actions to recover damage for the diminution in property values because of the '' condemnation blight '' and also for the increased expense of maintaining the properties during this long period of activity by the city. Although there was no '' taking '', appellants contend that the refusal to grant them '' just compensation '' is a denial of due process and equal protection guaranteed by the Constitutions of the United States and the State of New York.

Special Term recognized the damages suffered by appellants and stated that the decision it must make was '' harsh '' in its effect on these property owners. Special Term felt bound, as we do, by article I (§ 7, subd. [a]) of the State Constitution which specifically limits '' just compensation '' to property '' taken ''. Our highest State court has clearly recognized this limitation in several decisions and particularly in *City of Buffalo* v. *Clement Co.* (28 N Y 2d 241, 257). No good purpose can be served by citation of the numerous Supreme Court decisions which deal with the question of '' just compensation ''. *Danforth* v. *United States* (308 U. S. 271) is supportive authority for the determination by Special Term. That case succinctly presents the limitations which constitutionally restrict compensation for '' taking '' stating, at page 285, that '' a reduction or increase in the value of property may occur by reason of legislation for or the beginning or completion of a project. Such changes in value are incidents of ownership. *They cannot be considered as a ' taking ' in the constitutional sense* '' (emphasis supplied). Special Term asserted that although it was '' sympathetic to the plight of the plaintiffs * * * the principle of *damnum absque injuria* prevails ''. (*Fisher, supra*, p. 130.) An eminent jurist of our State, Justice HOWARD T. HOGAN, who has for many years presided almost exclusively over condemnation and appropriation cases, expressed my position on this principle when he wrote

in *Matter of County of Nassau (Lido Blvd.)* (71 Misc. 2d 554, 562) that " the doctrine of *damnum absque injuria* to me has always been an immoral illogical concept and should be declared illegal ". It is of little comfort to tell these appellants that, " notwithstanding the agreed fact that the City has dragged its heels for an inordinately long time (now ten years and into the indefinite future), you have been damaged but that damage is without wrong. True, your properties are now in a vast waste land, without tenants, neither desirable for residential nor commercial use, deteriorating daily but, unfortunately, under the present state of the law you have no recourse ". This was the basis of our decision in *City of Buffalo* v. *Clement Co.* (34 A D 2d 24, 28–32) which the Court of Appeals held (28 N Y 2d 241, 257, *supra*) is not the law in this State.

The sole purpose for this writing is the hope that the Legislature will consider the dilemma of these property owners, and literally hundreds of others similarly affected during these days of urban renewal, and will adopt legislation recommending amendment of our State Constitution. Substantially more than half of our sister States, among which are such significant jurisdictions as California, Illinois, Massachusetts and Pennsylvania, now make provision for compensation for property " taken or damaged ". The New York State Constitutional Convention of 1967 proposed a new Constitution which contained in article I (§ 7, subd. [a]) the provision that " Private property shall not be taken or damaged, as such latter term is defined by law, without just and timely compensation ". Since the refusal of the electorate to adopt the new Constitution, the Legislature has been taking action on those provisions on which there is a consensus as to their desirability. I respectfully suggest to the Legislature that the subject of this opinion is a matter which should be given prompt and favorable consideration.

MOULE, J. P., CARDAMONE, SIMONS and MAHONEY, JJ., concur in *Per Curiam* opinion; GOLDMAN, J., concurs in separate opinion.

Judgments affirmed, without costs.