REGINA COOPER et al., for Themselves and on Behalf of All Others Similarly Situated, Appellants, v LUCIEN A. MORIN, Individually and as County Manager of the County of Monroe, et al., Defendants, and FRANK P. DIMARSICO, Individually and as Jail Doctor of the Monroe County Jail, Respondent.

Fourth Department, December 12, 1975

*Monroe County Legal Assistance Corp. (Peter D. Braun* of counsel), for appellants.

*Martin, Clearwater & Bell (John Ganotis* of counsel), for respondent.

CARDAMONE, J. This is a class action commenced by plaintiffs, six named female inmates in the Monroe County Jail, on behalf of themselves and all others similarly situated, alleging in part a violation of their civil rights in that defendants[1] failed to provide adequate or any medical treatment to them during the period of their incarceration in said facility.[2] This appeal is solely upon the allegations relating to the lack of adequate medical treatment at the jail and the responsibility and potential liability of the defendant, Dr. DiMarsico, for said treatment or lack thereof.

At the time of the commencement of this proceeding Dr. DiMarsico was employed by the County of Monroe as the official physician of the Monroe County Jail. Plaintiffs were all inmates confined to the women's section of the jail. Three of the plaintiffs, Glenn, Lewin and McNair were pretrial detainees who were being held because of their inability to post bail for their release. The other three named plaintiffs, Cooper, Reed and Wright had been convicted of crimes and were serving their sentences in the Monroe County Jail.

The complaint sets forth numerous allegations of inadequate medical treatment or facilities which affect all members of plaintiffs' class similarly situated. Included are allegations that defendants failed to provide a complete and adequate physical examination of female prisoners upon entry into the jail; failed to provide facilities or personnel to provide gynecological care to female inmates; failed to make timely referrals of female inmates to medical personnel when requested by inmates; absence of facilities to treat serious medical problems which required hospitalization or emergency care; absence of trained medical staff to treat medical problems which arise during late evening or early morning hours; refusal of defend-

---

1. Lucien Morin, individually, and as County Manager of the County of Monroe; William Lombard, individually, and as the Sheriff of the County of Monroe; Robert Stanwick, individually, and as the Superintendent of the Monroe County Jail; Frank P. DiMarsico, individually, and as jail doctor of the Monroe County Jail and the County of Monroe.

2. Plaintiffs additionally alleged violations of their constitutional rights pertaining to rehabilitation, mail, literature, visitation privileges, punishment procedures, facilities and overcrowding.

ants to permit inmates to continue taking medication or continue treatment for pre-existing medical problems and which was prescribed for them prior to their confinement; failure to provide medical care adequate to ameliorate the effects of narcotic withdrawal for those inmates who are addicts when confined; and constantly overcrowded facilities which aggravate health hazards and encourage the spread of communicable diseases.

Additionally, each of the six named female plaintiffs have alleged individual facts to show the inadequacy of medical treatment by defendant Dr. DiMarsico and others.

Regina Cooper alleged that prior to her confinement she had a hysterectomy and that during her incarceration she suffered at times from heavy vaginal discharges of blood and mucus accompanied by severe pain. She claims that despite repeated requests for medical attention, she has been permitted to see Dr. DiMarsico only once, during which visit the physician did not perform a vaginal or any physical examination. She contends that her condition presents a serious health hazard which, if not cared for by someone trained in gynecology, may cause her to suffer loss of life and health.

Julia Glenn alleged that she has had a bleeding ulcer for some time. Prior to her confinement several private physicians prescribed that she take certain medication and follow a special diet. Defendants have failed to provide her the diet recommended and have failed to provide her with her medication on a regular basis. She alleged that the ulcer has become more severe and she has coughed up blood. On the three occasions that she has seen Dr. DiMarsico he has refused to perform a physical examination. At other times when she has coughed up blood, such as in the early morning or late evening, she has been unable to receive any medical treatment. The inmate also alleges that defendants have failed to let her wear an abdominal brace to control a hernia which was prescribed by a private physician prior to her imprisonment.

Carol Ann Lewin alleges that since August, 1973 she has had a bump or growth growing over her left eye and that Dr. DiMarsico has prescribed only aspirin and told her that the growth should be lanced, but that he would not do it.

Doris McNair has been treated prior to confinement for an emotional disorder. Her condition has worsened since being in jail but she has not been allowed to see a physician or

psychiatrist despite numerous requests. She also has been refused medical treatment for increasingly blurred vision which she suffers in her right eye.

Elaine Reed has a history of kidney infection. On one occasion while in jail she became seriously ill, suffered extreme stomach pains, high fever, vomiting and had difficulty in urinating. It took her three days to be permitted to see Dr. DiMarsico. Even then the doctor did not physically examine her nor perform any medical test. He prescribed medication based solely on her verbal description of her symptoms.

Tracy Wright was a narcotics user prior to confinement. Before entry into jail she injured her hand by scratching a bone while injecting herself with a narcotic. An infected sore developed. She asked for medical treatment upon entry but did not see Dr. DiMarsico until three days later. At that time the physician did not even take off her bandage nor did he physically examine her. He did prescribe medication but her condition worsened. She requested further medical attention but none was provided. About a week later she was taken to the emergency room at Strong Memorial Hospital with a 104° fever. Several operations were performed on her hand and after two weeks she was returned to the jail. She may not regain full use of her hand.

On the basis of these allegations plaintiffs have pleaded eleven causes of action under the Federal Civil Rights Act (US Code, tit 42, § 1983), the United States Constitution and the New York State Constitution as against each of the defendants jointly and severally. Plaintiffs seek equitable remedies of injunction and specific affirmative relief for the class as well as monetary damages for the six named plaintiffs.

Defendant DiMarsico moved for summary judgment on the grounds that plaintiffs failed to file the notice of claim required under the General Municipal Law (§ 50-d, subd 2; § 50-e) and also sought an order requiring the defendant County of Monroe to defend and indemnify him because he was a paid employee of the County of Monroe and was acting within the scope of his duties as a jail physician at all times mentioned in plaintiffs' complaints.

Special Term granted summary judgment dismissing the complaint as against DiMarsico, holding that the allegations as against defendant DiMarsico failed to state a cause of action under the Federal Civil Rights Act for improper or insufficient medical treatment. Rather, Special Term opined

that the claim made by plaintiffs against the defendant "is nothing more or less than a professional malpractice action, masquerading under the cloak of a § 1983 action". Therefore, Special Term concluded that plaintiffs' failure to file a notice of claim under the General Municipal Law was a fatal defect to the complaint as against DiMarsico and, thus, a further cause for dismissal of the action. In view of the dismissal, Special Term did not reach the issue of whether the defendant County of Monroe had a duty to defend and indemnify DiMarsico on the claims arising out of his professional duties. Plaintiffs appeal from the order dismissing their complaint against defendant, Dr. DiMarsico.

While in any action founded upon tort no notice of claim need be served upon the defendant DiMarsico individually *(Sandak v Tuxedo Union School Dist No. 3,* 308 NY 226; *Derlicka v Leo,* 281 NY 266, 268; cf General Municipal Law, §§ 50-d, 50-e), a notice of claim must be served upon the municipal corporation (General Municipal Law, § 50-e; *Derlicka v Leo, supra).* The instant action, however, was commenced pursuant to section 1983 of title 42 of the United States Code, which is not a tort action *Romer v Leary,* 425 F2d 186; *Swan v Board of Higher Educ. of City of N. Y.,* 319 F2d 56; *Smith v Cremins,* 308 F 2d 187). The relief demanded in plaintiffs' complaints is primarily affirmative and injunctive relief of an equitable nature. The affirmative relief demanded concerns virtually every aspect of treatment, care and living conditions of the female inmates incarcerated in the Monroe County Jail. Numerous specific affirmative proposals are propounded for the improvement of medical treatment alone. The named plaintiffs also demanded compensatory and punitive damages for the alleged wrongful and unconstitutional acts committed by the defendants jointly and severally. Where the relief demanded is primarily equitable in nature and the monetary relief demanded is merely "incidental to" the equitable relief sought, the notice of claim provisions of the General Municipal Law do not apply *(Fontana v Town of Hempstead,* 13 NY2d 1134, 1135; *Grant v Town of Kirkland,* 10 AD2d 474). Since the complaints do not primarily seek money damages with equitable relief only incidental thereto, a notice of claim is not a necessary condition precedent to bringing the suit *(Fontana v Town of Hempstead, supra).*

The question we are presented with is whether the allegations of inadequate medical treatment state a cause of action

pursuant to the Federal Civil Rights Act (US Code, tit 42, § 1983). Since we are reviewing a motion to dismiss a complaint against Dr. DiMarsico, the allegations in the complaint, for the purposes of this motion, must be accepted as true; and the plaintiffs are entitled to every favorable inference which may be drawn from the pleadings. If any statement of facts inferable from the complaint would entitle plaintiffs to relief, the complaint should not be dismissed *(Cooper v Pate,* 378 US 546; *Conley v Gibson,* 355 US 41; see *Haines v Kerner,* 404 US 519).

Certain generally accepted standards for measuring complaints brought pursuant to section 1983 of title 42 of the United States Code alleging inadequate medical treatment have recently developed. Courts are generally reluctant to interfere with the processes of State prison administration and hence have articulated stringent tests to gauge alleged denials of constitutional rights *(Wright v McMann,* 387 F2d 519, 522; *United States ex rel. Lawrence v Ragen,* 323 F2d 410). In order for a prisoner's claim of inadequate medical treatment to be deemed sufficient, it must allege conduct which is "shocking to the conscience" or amounts to "barbarous acts" *(Church v Hegstrom,* 416 F2d 449, citing *Rochin v California,* 342 US 165; *Robinson v California,* 370 US 660, 676). Additionally, the allegations must amount to a willful refusal to treat a known ailment or at least a "deliberate indifference" to the physical well-being of the inmate *(Martinez v Mancusi,* 443 F2d 921, 924; *Williams v Vincent,* 508 F2d 541). A mere difference of medical opinion or the exercise of faulty medical judgment will not be sufficient to state a claim under section 1983 of title 42 of the United States Code despite the fact that such allegations may establish a claim of medical malpractice or negligence *(Shields v Kunkel,* 442 F2d 409; *United States ex rel. Hyde v McGinnis,* 429 F2d 864; *Coppinger v Townsend,* 398 F2d 392, 394; *Stiltner v Rhay,* 371 F2d 420, cert den 386 US 997). Further, the cumulation of the series of incidents alleged in the complaint, closely related in time, may disclose a pattern of conduct amounting to deliberate indifference to the medical needs of prisoners sufficient to entitle plaintiffs to a trial of the underlying allegation of deliberate indifference to their medical needs *(Bishop v Stoneman,* 508 F2d 1224, 1226).

Applying these standards to this case establishes the sufficiency of the allegations in the complaint. Plaintiffs have

alleged conduct on the part of defendant DiMarsico and other prison officials which individually and cumulatively raise serious questions as to the adequacy and willfulness of the treatment afforded female prisoners at the Monroe County Jail. A clear pattern of delayed treatment, callous disregard of severe physical symptoms, failure to conduct physical examinations or other tests and general indifference to requests of medical care establish a claim for relief under section 1983. The allegations in the complaint do not suggest "mere" disputes as to the efficacy of certain treatments or diagnoses by defendants. Rather, plaintiffs are complaining of the general and willful failure of defendants to provide essential physical care. Plaintiffs' allegations establish a pattern of conduct which, if proven, demonstrate a willful refusal or failure to provide adequate medical care to the inmates incarcerated in the jail. That defendants' contentions might prevail at trial is not sufficient ground to dismiss a complaint at the pleading stage if, under any view of the facts, plaintiffs have stated a claim for relief. We conclude that the complaint in this action states a claim for relief under section 1983.

Finally, in view of its dismissal of plaintiffs' complaint as to defendant DiMarsico, Special Term did not decide the question of whether Dr. DiMarsico has a right under the General Municipal Law to indemnification and a defense by the County of Monroe against the claims arising out of the complaint. The record before us is insufficient to rule on the question; therefore we do not feel it proper to reach or determine this issue.

The judgment dismissing the complaint as to defendant Dr. DiMarsico should be reversed and the motion denied.

MARSH, P. J., MOULE, GOLDMAN and WITMER, JJ., concur.

Judgment unanimously reversed, with costs, and motion denied.