■ In the Matter of JUDITH A. DELOSH, Individually and as Administratrix of the Estate of NORRIS F. DELOSH, Deceased, Respondent, v CITY OF SYRACUSE et al., Appellants.—Order denying motion of county for summary judgment unanimously reversed, without costs, motion granted and complaint dismissed as to county, and otherwise order affirmed. Memorandum: The plaintiffs' complaint alleges negligence, malfeasance and nonfeasance, by those officials who supervised the incarceration of decedent at the Onondaga County jail. By law these custodians are members of the Sheriff's department (Correction Law, § 500-c), and the County of Onondaga cannot be held responsible for their negligence (NY Const, art XIII, § 13, subd [a]; *Perry v Custodi,* 52 AD2d 1063; *Isereau v Stone,* 3 AD2d 243; *Snow v Harder,* 43 AD2d 1003). It is claimed that the defendants were negligent for their failure "to call a competent physician to treat the decedent following his suicide attempt or to transport the decedent to a hospital and instead permitted an inexperienced medical student to perform a tracheotomy". These allegations refer to services performed by an "extern", a fourth-year medical student who was hired by the Sheriff. The responsibility of the extern is to provide emergency care for inmates of the county jail—a duty imposed on the Sheriff by law (Correction Law, § 500-c; Onondaga County Administrative Code, § 10.02, subd b; Local Laws, 1961, No. 2 of County of Onondaga). He is paid from funds appropriated to the Sheriff's department and functions under its supervision. He is neither a member of the staff of the jail physician appointed by the county (Correction Law, § 501) nor a county employee. Whether the extern was a subordinate carrying out the Sheriff's civil duty or discharging the duties of the Sheriff relating to criminal matters is unimportant, for in neither case is the county responsible for his acts. Since there is no claim of medical malpractice against the extern, section 50-d of the General Municipal Law has no application (see *Norr v Spiegler,* 56 AD2d 389). We conclude, therefore, that the complaint fails to state a cause of action against the county. (Appeal from order of Onondaga Supreme Court—dismiss complaint.) Present—Moule, J. P., Cardamone, Simons, Dillon and Schnepp, JJ.