OPINION OF THE COURT
Thomas E. Mercure, J.
This case presents the novel issue as to whether a physician may be held liable for medical malpractice for not prescribing an operation for a county jail inmate when the Sheriff refused to authorize the operation. The defendant, Herbert Savel, M.D., moves for an order pursuant to CPLR 3211 (subd [a], par 7) dismissing plaintiff’s amended complaint as against him.
The facts are as follows: The plaintiff, Louis Bowers, was confined in the Essex County Jail from on or about March 20, 1981 until on or about November 13, 1981. Before his incarceration, he had béen advised by his doctor that he needed a hernia operation. The plaintiff listed the condition on the medical report form filled out when he was admitted to the Essex County Jail.
On or about May 2, 1981, plaintiff was taken by the Sheriff to be examined by the defendant, Herbert Savel, M.D., at the Elizabethtown Hospital. At the initial examination, the doctor noted the hernia which plaintiff complained of. The doctor allegedly stated that, in such a situation, an operation is usually performed. The doctor allegedly refused to operate unless the Sheriff authorized the operation, but instead, prescribed a special diet for the plaintiff. The operation was not performed during plain *944 tiff’s incarceration, and plaintiff alleges that he was damaged as a result.
The defendant, Herbert Savel, M.D., argues that, based upon the allegations that the Sheriff, who had custody over the person of the plaintiff at all times, refused to authorize the operation, the defendant doctor was without the power to undertake such operation, and that it was not the duty or responsibility of the defendant doctor to take whatever legal measures were necessary to compel authorization of the Sheriff for this procedure. The defendant argues further that it was incumbent on the plaintiff, if he wished the operation performed, to make the necessary application to the court to compel the authorization and consent of the Sheriff.
The plaintiff argues that the doctor had a professional responsibility to prescribe or order the proper or appropriate treatment for plaintiff’s condition. Plaintiff argues, further, that if the Sheriff then refused or failed to produce the plaintiff for the operation, the doctor would be in the same position any doctor is in when his patient fails or refuses to follow the doctor’s orders. Therefore, Dr. Savel’s responsibility was limited to prescribing and ordering the appropriate medical treatment.
For the purposes of this motion to dismiss the complaint against the defendant, Savel, for legal insufficiency, the facts alleged must be considered as true, and the complaint must be sustained if, on any view of those facts or reasonable inferences to be drawn from them, a cause of action is stated. (See Fisher v City of Syracuse, 78 Misc 2d 124, affd 46 AD2d 216, cert den 423 US 833.)
When a physician agrees to treat a patient, he obligates himself to use his best judgment and to use reasonable care in the exercise of his skill, and the application of his learning to accomplish the treatment for which he is employed. That his services are rendered gratuitously or at the request of someone other than the patient does not affect the physician’s liability. (Pike v Honsinger, 155 NY 201.)
The reasonable inference from the complaint is that the Sheriff chose the defendant, Savel, to examine the plaintiff *945 during plaintiff’s incarceration. Although the defendant, Savel, may not have been an employee of the county, he, in effect, was a “prison physician” in this case. “Prison physicians owe no less duty to prisoners who must accept their care, than do private physicians to their patients who are free to choose.” (Pisacano v State of New York, 8 AD2d 335, 340.) A similar sentiment was expressed in the case of Spicer v Williamson (191 NC 487). The court said, at page 490: “The prisoner by his arrest is deprived of his liberty for the protection of the public; it is but just that the public be required to care for the prisoner, who cannot by reason of deprivation of his liberty, care for himself.”
In Allan v State S. S. Co. (132 NY 91), the court held that, even though by law a shipowner was required to provide a doctor on board to take care of any medical needs of passengers, any liability for failure to provide for the medical needs of passengers would be the doctor’s, not the shipowner’s. The court stated (p 99) that, to hold otherwise would be to “nullify the law, and put inexperience over experience and ignorance where the law requires knowledge and professional skill.”
If the plaintiff was or became sick while in jail, the Sheriff had a duty imposed by statute to safely keep and, therefore, to make necessary medical care available to him, and to pay for same. (Correction Law, § 500-c.)
In the within case, it is alleged that Dr. Savel allowed the Sheriff to interfere with his treatment of the plaintiff and deferred to the Sheriff’s position that he wouldn’t authorize the operation and, therefore, failed to prescribe and order the necessary medical treatment. He had the responsibility to prescribe and order the required medical treatment; if the Sheriff then refused to produce the plaintiff for the operation, the doctor would have been relieved of further responsibility. It is entirely possible that, had the doctor actually prescribed or ordered the operation, the Sheriff would have accepted the doctor’s decision and brought the plaintiff to the hospital for the operation.
The negligence or malpractice alleged against Dr. Savel is that he failed to take the responsibility for actually prescribing or ordering the medical treatment he acknowledged was the normal procedure in plaintiff’s case, to wit: *946 an operation. It is imperative that a surgeon operate at the time when an operation is called for since failure to perform an operation at such time may constitute malpractice. (Kaminsky v Sarnoff, 220 App Div 286.) The same may be said of failing to prescribe an operation where same is called for. The court can conceive of situations requiring immediate surgical intervention, e.g., acute appendicitis; the court can conceive of situations where surgery is elective in nature and may be delayed, e.g., a bunionectomy. Where the present situation falls in the surgical spectrum is for the trier of fact.
Defendant’s motion is denied.