OPINION OF THE COURT
Robert G. Hurlbutt, J.
Defendant moves for summary judgment dismissing plaintiffs’ complaint upon the ground that the action is founded upon negligence in connection with James Douglas’ incarceration at the Oswego County Jail, and that since the county *240 cannot be liable for the actions of the Sheriff or his employees, there must be a dismissal. Plaintiffs oppose the motion, asserting that their claim against the county is based upon a failure to provide proper or adequate medical treatment on the part of the jail physician, who is a county employee, thus casting the county in liability pursuant to the doctrine of respondeat superior. Plaintiffs also cross-move for an order consolidating this action with two companion actions in which they have sued the Oswego County Sheriff, the County Jail Supervisor, and two correction officers.
Defendant’s motion for dismissal is founded upon NY Constitution, article XIII, § 13 (a), Correction Law § 500-c, and upon, inter alia, Wilson v Sponable (81 AD2d 1, appeal dismissed 54 NY2d 834, appeal discontinued 56 NY2d 594). NY Constitution, article XIII, § 13 (a) provides in pertinent part: "Sheriffs shall hold no other office. They may be required by law to renew their security, from time to time; and in default of giving such new security, their offices shall be deemed vacant. But the county shall never be made responsible for the acts of the sheriff. ” (Emphasis added.)
A county’s immunity from vicarious liability for the negligent acts of a Sheriff is extended to the negligent acts of Deputy Sheriffs acting in the course of their duties (Wilson v Sponable, 81 AD2d, at 9-12, supra; see also, Davis v City of Rochester, 138 AD2d 945), as well as to the employees and jail personnel employed by the Sheriff pursuant to County Law § 652 (2) (Edwards v County of Onondaga, 39 Misc 2d 443). County Law § 652 (2) provides that the Sheriff may "appoint keepers, guards, clerks and employees as may be authorized by the board of supervisors and such appointees shall serve during his pleasure.”
Correction Law § 500-c mandates that "[e]ach sheriff * * * shall have custody of the county jails and shall receive and safely keep, in the county jail of his county, every person lawfully committed to his custody”. While this section does not remove a Sheriff’s immunity from liability for the negligence of Deputy Sheriffs while engaged in criminal duties, a Sheriff may be held liable for his own negligence in connection with the care and treatment of prisoners in custody. (Wilson v Sponable, 81 AD2d, at 4-6, supra; see also, Kemp v Waldron, 115 AD2d 869.)
The designation of a jail physician is mandated by Correction Law § 501, which provides: "The board of supervisors of *241 each county * * * must appoint some reputable physician, duly authorized to practice medicine, as the physician to the jail of the county * * * The physician to a jail holds his office at the pleasure of the board which appointed him.” A duly appointed jail physician is a county officer as well as employee. (See generally, 25 NY Jur 2d, Counties, Towns, and Municipal Corporations, §§ 308-309.) Defendant’s contention here is that, notwithstanding the jail physician’s appointment by, payment by, and service at the pleasure of the county legislative body, because the doctor is employed at the jail he or she is perforce under the control of the Sheriff and, therefore, the county’s constitutional immunity from liability for acts of the Sheriff, his Deputies or employees should attach. I disagree.
The rationale underlying the extension of county immunity for acts of Deputy Sheriffs, jailers and other Sheriff’s employees is that, notwithstanding that they might also be county employees by virtue of the source of their payment, civil service benefits and the like, employees of the Sheriff appointed pursuant to County Law § 652 are extensions of the office of the Sheriff. There is no reason to apply the same logic to a county jail physician, who, although he or she renders medical care services at the jail, is nevertheless appointed not by the Sheriff but by the county legislative body, at whose pleasure he or she serves. Additionally, there is no reason to suppose that the activities of a provider of medical services would or could be supervised or controlled by the Sheriff, as would the activities of Deputy Sheriffs and other jail employees. There is thus no reason to consider the jail physician an extension of the office of Sheriff, as is the case with Deputy Sheriffs and other jail employees.
A jail physician owes an independent duty of exercising reasonable care in the course of medical treatment to a prisoner to the same degree as that owed the patient of a private physician. (Bowers v County of Essex, 118 Misc 2d 943.) If a doctor is negligent or commits malpractice in the course of his or her jail physician duties, there is no reason that vicarious liability should not attach to the county under the rules of respondeat superior. This is not an instance where, as in Wilson v Sponable (supra, at 6-9), there is no duty because the theory of liability is founded upon the exercise of legislative-executive discretion on the part of the county.
The potential liability of the county under these circumstances is suggested by two Appellate Division, Fourth Depart *242 ment cases, Cooper v Morin (50 AD2d 32) and Matter of Delosh v City of Syracuse (64 AD2d 814). The plaintiffs in Cooper brought 42 USC § 1983 civil rights claims against Monroe County and against the county jail physician, based upon alleged inadequate medical treatment during their incarceration in the county jail. The issue before the court was whether the class action complaint stated a valid cause of action pursuant to 42 USC § 1983, and the court held that it did. (Cooper v Morin, supra, at 37-38.) Although it did not discuss the vicarious liability of the county for the acts of the jail physician, the court expressly left open the question of the physician’s right to a defense and to indemnity by the county. While it may be that the issue of the county’s vicarious liability for the acts of the jail physician was never raised in that case, the court in Cooper certainly expresses no difficulty as to such liability. In Delosh, plaintiff brought action against Onondaga County for alleged "negligence, malfeasance and nonfeasance by those officials who supervised the incarceration of [plaintiff’s] decedent at the Onondaga County jail.” (Matter of Delosh v City of Syracuse, 64 AD2d 814, supra.) Among the claims of negligence were allegations of improper or inadequate medical care by an "extern”, a fourth-year medical student who was hired by the Sheriff. The court granted dismissal of the complaint as against the county, holding that there could be no vicarious liability imposed based upon the negligence of the extern. The court noted that the extern was paid by and under the supervision of the Sheriff’s Department, and that the extern was "neither a member of the staff of the jail physician appointed by the county (Correction Law, § 501) nor a county employee.” (Supra.) It may be fairly inferred from the distinctions emphasized by the Delosh court that the county would be found responsible for the actions of its own employee-officer jail physician. (Supra; see also, D’Amico v City of Rochester, 79 AD2d 1091.)
I conclude that the complaint as amplified by the bill of particulars, insofar as claim is made against the county based upon a failure to provide proper or adequate medical treatment, states a viable cause of action against the county, and therefore the motion to dismiss must be denied.
Plaintiffs’ cross motion for consolidation of the three separate actions arising out of these same facts is unopposed and is granted. Such actions are consolidated into a single action to be entitled James L. Douglas and Sandra Douglas, Plain *243 tiffs, v The County of Oswego, Charles F. Nellis, Sheriff of Oswego County, Horace H. Holder, Michael R. Benjamin and Leroy Healy, Defendants. Such consolidated action will continue with index No. 90-1200 and RJI No. 37-91-0095.