15-521-cv
*Orange Cnty.–Cnty. Poughkeepsie Ltd. P'ship v. Town of E. Fishkill*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of November , two thousand and fifteen.

Present:     PETER W. HALL,
             RAYMOND J. LOHIER, JR.,
                  *Circuit Judges.*
             CHRISTINA REISS,
                  *District Judge.**

_____

ORANGE COUNTY – COUNTY POUGHKEEPSIE LIMITED
PARTNERSHIP, D/B/A/ VERIZON WIRELESS & HOMELAND
TOWERS, LLC,

                    *Plaintiffs-Appellees*,

         v.                                                No. 15-521-cv

THE TOWN OF EAST FISHKILL, THE TOWN OF EAST FISHKILL
ZONING BOARD OF APPEALS,

                    *Defendants-Appellants.*

_____

* The Honorable Chief Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

1

For Plaintiffs-Appellees:  CHRISTOPHER B. FISHER (Andrew P. Schriever, Anthony B. Gioffre, III, & Anthony F. Morando, *on the brief*), Cuddy & Feder LLP, White Plains, New York, *for Plaintiff-Appellee Homeland Towers, LLC.*

SCOTT OLSON, Young, Sommer, Ward, Ritzenberg, Baker & Moore LLC, Albany, New York, *for Plaintiff-Appellee Orange Cnty. – Cnty. Poughkeepsie Ltd. P'ship, d/b/a Verizon Wireless.*

For Defendants-Appellants:  PAUL E. SVENSSON, Hodges Walsh & Messemer, LLP, White Plains, New York, *for Defendants-Appellants Town of East Fishkill, Town of East Fishkill Zoning Board of Appeals.*

_____

Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellees Orange County–County Poughkeepsie Limited Partnership, d/b/a Verizon Wireless ("Verizon"), a wireless carrier, and Homeland Towers, LLC ("Homeland"), a tower company, seek to construct a new wireless communications tower in the Town of East Fishkill, New York. The defendants-appellants, the Town of East Fishkill ("East Fishkill") and the Town of East Fishkill Zoning Board of Appeals (the "Board") (collectively, the "Town"), denied the plaintiffs' request for a special permit, a 40-foot variance, and a wetlands/watercourse disturbance permit. The plaintiffs brought claims under the Telecommunications Act, 47 U.S.C. § 332(c)(7)(B) (the "TCA"), asserting that the Town's denial of its application amounted to an effective prohibition of wireless services and that the Town's decision was not supported by substantial evidence.[1] The district court granted summary judgment in favor of the plaintiffs on each of their claims. *Orange Cnty.-Poughkeepsie Ltd. P'ship v. Town of E. Fishkill*, 84 F. Supp.

_____

[1] In addition, the plaintiffs brought a claim under Article 78 of the New York Civil Practice Law and Rules, N.Y. C.P.L.R. § 7803.

3d 274, 278 (S.D.N.Y. 2015). We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

This court reviews a district court's grant of summary judgment *de novo*. *Cellular Tel. Co. v. Town of Oyster Bay*, 166 F.3d 490, 492 (2d Cir. 1999). Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact. *See* Fed. R. Civ. P. 56(c). In reviewing a district court's grant of summary judgment, this Court views the facts in the light most favorable to the losing party. *Oyster Bay*, 166 F.3d at 492.

Under the TCA, local governments retain authority over "decisions regarding the placement, construction, and modification of personal wireless service facilities," 47 U.S.C. § 332(c)(7)(A), but may not "prohibit or have the effect of prohibiting the provision of personal wireless services," *id.* § 332(c)(7)(B)(i)(II). The TCA's "ban on prohibiting personal wireless services precludes denying an application for a facility that is the least intrusive means for closing a significant gap in a remote user's ability to reach a cell site that provides access to land-lines." *Sprint Spectrum L.P. v. Willoth*, 176 F.3d 630, 643 (2d Cir. 1999). A plaintiff will prevail on an effective prohibition claim, therefore, "if it shows both that a significant gap exists in wireless coverage and that its proposed facility is the least intrusive means to close that gap." *T-Mobile Ne. LLC v. Town of Ramapo*, 701 F. Supp. 2d 446, 456 (S.D.N.Y. 2009) (internal quotation marks omitted); *see Willoth*, 176 F.3d at 643-44.

Whether a significant gap in coverage exists is a "fact-bound" question that requires a case-by-case determination. *Omnipoint Holdings, Inc. v. City of Cranston*, 586 F.3d 38, 48 (1st Cir. 2009). In making this determination, courts consider the gap's physical size, the number of wireless users affected by the gap, the location of the gap, and drop call or failure rates. *Id.* at 49.

Here, the Town conceded the existence of a coverage gap but contended the gap was not significant. As the district court found, however, the Town's conclusion that any coverage gap was *de minimis* was contradicted by the plaintiffs' uncontested radio frequency analyses, propagation maps, and drive test data demonstrating a significant coverage gap in the area—specifically, two coverage gaps of 2 miles on the Taconic State Parkway and 1.6 miles on Route 82.[2] *Orange Cnty.-Poughkeepsie*, 84 F. Supp. 3d at 299. Courts have found similarly sized gaps to be "significant" for purposes of the TCA. *See, e.g., T-Mobile Ne. LLC v. Inc. Vill. of E. Hills*, 779 F. Supp. 2d 256, 270, 272 (E.D.N.Y. 2011) (finding gap of 1.145 miles by 1.704 miles to be significant); *N.Y. SMSA Ltd. P'ship v. Vill. of Floral Park Bd. of Trs.*, 812 F. Supp. 2d 143, 148–49, 155 (E.D.N.Y. 2011) (determining coverage gap of 1.2 miles by .6 miles was significant). Moreover, it was undisputed that the gaps affect approximately 35,000 commuters on a daily basis. *Orange Cnty.-Poughkeepsie*, 84 F. Supp. 3d at 299.

Under *Willoth*, a locality is permitted to deny an application for a wireless tower if the applicant may "select a less sensitive site, . . . reduce the tower height, . . . use a preexisting structure or . . . camouflage the tower and/or antennae." 176 F.3d at 643 (citations omitted). It was undisputed that, due to topographic considerations, the proposed facility could not be made less intrusive by reducing its height. *Orange Cnty.-Poughkeepsie*, 84 F. Supp. 3d at 300. As the district court noted, there was no evidence in the record that the Town requested that the plaintiffs camouflage the tower in order to lessen its aesthetic impact. *Id.* The primary disputed issue, therefore, was whether alternative sites or preexisting structures could have supported a

---

[2] The Town asserts that it rebutted the plaintiffs' evidence of a significant coverage gap with an informal driver survey that purported to show a lack of dropped calls in the disputed area. The district court determined that the Board's conclusions regarding the significance of the coverage gap were not supported by credible evidence. *Orange Cnty.-Poughkeepsie*, 84 F. Supp. 3d at 304–05. We agree.

4

facility that would remedy the coverage gaps. The plaintiffs investigated thirteen single-site options and two multisite options as alternatives to their proposed facility and determined that none of these sites would adequately remedy the coverage gap. Although the Town contends that the plaintiffs did not adequately investigate the two-site alternative proposed by its engineering expert, we agree with the district court that there is no evidence in the record to support this claim.[3] *Id.* at 301–02. Indeed, the Town itself had ensured that one of the alternative towers would not be a viable option by previously prohibiting an extension that would have been required to support the proposed facility's wireless signal. *Id.* at 302–03.

We conclude that the district court properly granted summary judgment in favor of Verizon and Homeland on their claim that the Town's denial of their application constituted an effective prohibition of wireless services in violation of the TCA. Further, the court correctly determined that the proper remedy was injunctive relief—specifically, requiring issuance of the requested permit. *See Town of Ramapo*, 701 F. Supp. 2d at 463 ("[U]nder *Willoth*, a violation of the effective prohibition provision requires injunctive relief: an application proposing the least intrusive means for closing a significant coverage gap cannot be denied—or, put differently, it must be granted." (citations, alterations, and internal quotation marks omitted)). Because we affirm the district court on the ground that the denial of the plaintiffs' application constituted an

---

[3] In addition, the district court noted that the two-site alternative was not mentioned in the Board's reasons for denial and determined that "there [was] nothing in the record that 'state[d] [this] reason' [for denial,] let alone with 'sufficient clarity.'" *Id.* at 301 (quoting *T-Mobile S., LLC v. City of Roswell*, 135 S. Ct. 808, 818 (2015) (alterations added)). In *T-Mobile South*, the Supreme Court held that a locality need not state its reasons for a zoning decision in the written notice of denial but that these reasons "may appear in some other written record so long as the reasons are sufficiently clear and are provided or made accessible to the applicant essentially contemporaneously with the written denial letter or notice." 135 S. Ct. at 811–12. The Town's argument that the district court misapplied the *T-Mobile South* decision is without merit. Not only did the district court look beyond the Town's denial letter to the record for evidence of the Town's reasons, it went on to address the merits of the Town's arguments regarding the two-site alternatives. *Orange Cnty.-Poughkeepsie*, 84 F. Supp. 3d at 301–03.

effective prohibition of wireless services, we need not reach the remainder of the defendants' arguments on appeal.

For these reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK