Appeal from a judgment (denominated order and judgment) of the Supreme Court, Oneida County (Norman I. Siegel, J.), entered September 2, 2016 in a proceeding pursuant to CPLR article 78. The judgment denied petitioners’ request to file an amended petition and dismissed the petition.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.
 

 Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to annul a determination of respondent Zoning Board of Appeals for Town of Verona (ZBA) granting a special use permit and an area variance to respondents Evolution Site Services, LLC, Upstate Cellular Partnership, doing business as Verizon Wireless, and William G. Freeh Living Trust (collectively, Applicants) for construction of a wireless telecommunications facility. Supreme Court, upon the consent of all parties, adjourned the proceeding to permit the ZBA to issue a “more complete decision” upon the review of additional submissions from petitioners’ attorney. Following that subsequent decision, petitioners requested to amend the petition to address deficiencies therein purportedly raised by the second decision. The court denied petitioners’ request to amend the petition and dismissed the petition, ruling that the ZBA’s determination to issue the special use permit and area variance had a rational basis and was based on substantial evidence. We now affirm.
 

 “Where, as here, the zoning ordinance authorizes a use permit subject to administrative approval, the applicant need only show that the use is contemplated by the ordinance and that it complies with the conditions imposed to minimize anticipated impact on the surrounding area . . . The [zoning authority] is required to grant a special use permit unless it has reasonable grounds for denying the application” (Matter of North Ridge Enters, v Town of Westfield, 87 AD2d 985, 986 [1982], affd 57 NY2d 906 [1982]; see Matter of George Eastman House, Inc. v Morgan Mgt, LLC, 130 AD3d 1552, 1554 [2015], lv denied 26 NY3d 910 [2015]). Moreover, inasmuch as the Applicants include a public utility, the ZBA was further limited in its discretion to deny the area variance (see Matter of Cellular Tel. Co. v Rosenberg, 82 NY2d 364, 371-372 [1993]; see also Town Law § 274-b [1]; Matter of Lloyd v Town of Greece Zoning Bd. of Appeals [appeal No. 1], 292 AD2d 818, 819 [2002], lv dismissed in part and denied in part 98 NY2d 691 [2002], rearg denied 98 NY2d 765 [2002]). “A telecommunications provider that is seeking a variance for a proposed facility need only establish that there are gaps in service, that the location of the proposed facility will remedy those gaps and that the facility presents a minimal intrusion on the community” (Matter of Site Acquisitions v Town of New Scotland, 2 AD3d 1135, 1137 [2003]).
 

 Contrary to petitioners’ contentions, the Applicants were not required to establish that their proposal was the “least intrusive means” to address a “significant gap” in service in order for the ZBA to grant their application (see Omnipoint Communications, Inc. v City of White Plains, 430 F3d 529, 535 [2005]). Those elements constitute “the showing an applicant must make before [the Telecommunications Act of 1996 (TCA)] § 332 (c) (7) (B) (i) (II) will require a [zoning authority] to grant its application” (id.) see Sprint Spectrum L.P. v Willoth, 176 F3d 630, 643 [1999]). Thus, “[w]hen evaluating the evidence, local and state zoning laws govern the weight to be given the evidence!,] . . . [and] the TCA does not affect or encroach upon the substantive standards to be applied under established principles of state and local law” (Orange County-Poughkeepsie Ltd. Partnership v Town of E. Fishkill, 84 F Supp 3d 274, 295 [2015], affd 632 Fed Appx 1 [2015] [internal quotation marks omitted]). We conclude that the determination that the Applicants established the existence of a gap in service, that the location of the proposed facility would remedy that gap, and that the facility presented a minimal intrusion “has a rational basis and is supported by substantial evidence” (Matter of Ifrah v Utschig, 98 NY2d 304, 308 [2002]; see Matter of Expressview Dev., Inc. v Town of Gates Zoning Bd. of Appeals, 147 AD3d 1427, 1428-1429 [2017]).
 

 Petitioners contend that the ZBA’s determination, as amplified by the second decision, addressed concerns that were not raised by petitioners but failed to address concerns that were in fact raised. Contrary to petitioners’ contention, a significant number of letters to the ZBA raised health concerns as a reason for opposing the construction of the facility and, thus, it was not a “plainly false” statement in the determination that health concerns were one of the reasons residents opposed the facility. Although the determination, as amplified by the second decision, is silent on the issues concerning property values, “it can be ascertained from a review of the record that the decision to grant the [application nonetheless] had a rational basis” (Matter of Fischer v Markowitz, 166 AD2d 444, 445 [1990]; see Matter of Dietrich v Planning Bd. of Town of W. Seneca, 118 AD3d 1419, 1421 [2014]).
 

 Petitioners further contend that respondent Martin Schaub, as Chairman of the ZBA, predetermined the outcome of the application. We reject that contention. The comments attributed to Schaub, as contained in the record on appeal, constitute merely “a predisposition on questions of law” related to the limited power of the ZBA to deny a public utility’s application, as opposed to a “prejudgment of specific facts at issue in [the] adjudicatory proceeding” (Matter of 1616 Second Ave. Rest v New York State Liq. Auth., 75 NY2d 158, 162 [1990]; see Matter of City of Beacon v Surles, 161 AD2d 945, 947 [1990], appeal dismissed 76 NY2d 936 [1990]).
 

 Finally, we conclude that the court did not err in denying petitioners’ request to amend the petition. “Although leave to amend a pleading should be freely granted (see CPLR 3025 [b]), it may be denied where the proposed amendment is palpably insufficient or patently devoid of merit . . . Accordingly, in considering a motion for leave to amend, it is incumbent upon the court to examine the sufficiency and merits of the proposed amendment’ ” (Matter of Haberman v Zoning Bd. of Appeals of City of Long Beach, 78 AD3d 945, 946 [2010]; cf. Matter of Clairol Dev., LLC v Village of Spencerport, 100 AD3d 1546, 1546 [2012]). Here, the parties had consented to the issuance of an amplified decision, and the court agreed to consider petitioners’ proposed amendments related to that amplified decision. The court did so and properly concluded that they were devoid of merit.
 

 Present — Carni, J.P., Lindley, NeMoyer, Curran and Troutman, JJ.