Mitchell v City of Geneva (2019 NY Slip Op 06296)





Mitchell v City of Geneva


2019 NY Slip Op 06296


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


588 CA 19-00122

[*1]PETER MITCHELL AND PARKER'S GRILLE, INC., PLAINTIFFS-APPELLANTS,
v
CITY OF GENEVA AND CITY OF GENEVA INDUSTRIAL DEVELOPMENT AGENCY, DEFENDANTS-RESPONDENTS. 






PETER J. CRAIG & ASSOCIATES, P.C., PITTSFORD (PETER J. CRAIG OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
HARRIS BEACH PLLC, PITTSFORD (AARON FRAZIER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from a final order and judgment (one paper) of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered June 26, 2018. The final order and judgment, inter alia, granted the motion of defendants to dismiss the complaint. 
It is hereby ORDERED that the final order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff Peter Mitchell operates plaintiff Parker's Grille, Inc. (Parker's Grille), a restaurant in Geneva, New York. This action arises from defendants' grant of public funds to the owner of a nearby building for the purposes of refurbishing the building and opening a restaurant in it. In their complaint, plaintiffs alleged that defendants' support of the competing business caused them lost profits and diminished the value of Parker's Grille, and they asserted causes of action for de facto appropriation/inverse condemnation, misrepresentation, and tortious interference with business relations. Defendants moved to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7) or, in the alternative, to convert the motion to one for summary judgment dismissing the complaint pursuant to CPLR 3212. Plaintiffs opposed the motion and cross-moved for leave to amend the complaint. Supreme Court denied plaintiffs' cross motion for leave to amend the complaint, granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) and, in the alternative, granted defendants summary judgment dismissing the complaint pursuant to CPLR 3212. We affirm.
Contrary to plaintiffs' contention, the complaint fails to state a cause of action for de facto appropriation or inverse condemnation because it does not allege a physical invasion or restraint on the use of plaintiffs' property (see City of Buffalo v Clement Co., 28 NY2d 241, 253 [1971], rearg denied 29 NY2d 640 [1971]; Fisher v City of Syracuse, 46 AD2d 216, 217 [4th Dept 1974], lv denied 36 NY2d 642 [1975], cert denied 423 US 833 [1975]; cf. Corsello v Verizon N.Y., Inc., 18 NY3d 777, 783-786 [2012], rearg denied 19 NY3d 937 [2012]).
Plaintiffs likewise failed to state a cause of action for misrepresentation. As limited by their brief on appeal, plaintiffs contend that they stated a claim for negligent misrepresentation. The complaint alleges conduct arising from defendants' use and designation of public funds and thus concerns the governmental, rather than proprietary, function of defendants (see generally Applewhite v Accuhealth, Inc., 21 NY3d 420, 425 [2013]). "In a negligence-based claim against a municipality, a plaintiff must allege that a special duty existed between the municipality and the plaintiff" (Kirchner v County of Niagara, 107 AD3d 1620, 1623 [4th Dept 2013]). There are three ways in which a special duty may be formed: "(1) the plaintiff belonged to a class for whose benefit a statute was enacted; (2) the government entity voluntarily assumed a duty to the plaintiff beyond what was owed to the public generally; or (3) the municipality took positive control of a known and dangerous safety condition" (Applewhite, 21 NY3d at 426; see McLean v [*2]City of New York, 12 NY3d 194, 199 [2009]). Here, plaintiffs' complaint fails to allege the existence of any special duty, and therefore their cause of action for negligent misrepresentation was properly dismissed (see Spring v County of Monroe, 151 AD3d 1694, 1696 [4th Dept 2017]).
Plaintiffs likewise failed to state a cause of action for tortious interference with business relations, misdescribed in the complaint as tortious interference with business operations, because plaintiffs failed to allege that defendants acted " with the sole purpose of harming the plaintiff[s] or by using unlawful means' " (Zetes v Stephens, 108 AD3d 1014, 1020 [4th Dept 2013]; see also Carvel Corp. v Noonan, 3 NY3d 182, 190 [2004]). Moreover, plaintiffs failed to allege that defendants' allegedly tortious conduct was directed "at the party with which the plaintiff[s] ha[ve] or seek[] to have a relationship" (Carvel Corp., 3 NY3d at 192).
The court also properly denied plaintiffs' cross motion seeking leave to amend the complaint to allege a special duty and to correct the misdescribed tortious interference cause of action. Plaintiffs' proposed amendment with respect to a special duty does not adequately allege the existence of such a duty, as required for the misrepresentation claim, and neither proposed amendment states a cause of action (see generally Matter of DeCarr v Zoning Bd. of Appeals for Town of Verona, 154 AD3d 1311, 1314 [4th Dept 2017]; Pink v Ricci, 100 AD3d 1446, 1448-1449 [4th Dept 2012]; J.K. Tobin Constr. Co., Inc. v David J. Hardy Constr. Co., Inc., 64 AD3d 1206, 1209 [4th Dept 2009]).
In light of our determination that the court properly dismissed plaintiffs' complaint pursuant to CPLR 3211 (a) (7), we do not address whether the court properly converted the motion to dismiss into a motion for summary judgment pursuant to CPLR 3211 (c) or whether the
court properly granted summary judgment pursuant to CPLR 3212.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court