■ CHRISTINA J. ZABAS, an Infant, by Her Parent and Natural Guardian, JOSEPH F. ZABAS, JR., et al., Respondents, v WILLIAM J. KARD et al., Appellants, et al., Defendant. (Action No. 1.) JOSEPHINE C. ZABAS et al., Respondents, v WILLIAM J. KARD et al., Appellants. (Action No. 2.) [599 NYS2d 832] —In actions to recover damages for personal injuries, etc., sustained in a school bus accident, the defendants William J. Kard and Jay Dee Transportation appeal from an order of the Supreme Court, Suffolk County (Floyd, J.), entered April 4, 1991, which granted the motions of the plaintiffs Christina J. Zabas and Josephine Zabas for leave to serve amended complaints demanding punitive damages.

Ordered that the order is reversed, without costs or disbursements, and the motions are denied.

While it is true that motions for leave to amend pleadings are to be liberally granted in the absence of prejudice or surprise *(see, McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755, 757; CPLR 3025 [b]), it is equally true that the court should examine the sufficiency of the merits of the proposed amendment when considering such motions *(see, Sharapata v Town of Islip,* 82 AD2d 350, 362, *affd* 56 NY2d 332).* Where, as here, the proposed amendments are totally devoid of merit and are legally insufficient, leave to amend should be denied *(see, Matter of Consolidated Edison Co. [Neptune Assocs.],* 143 AD2d 1012; *Fiesel v Nanuet Props. Corp.,* 125 AD2d 292).

It has been stated that "punitive damages are available for the purpose of vindicating a public right only where the actions of the alleged tortfeasor constitute gross recklessness or intentional, wanton or malicious conduct aimed at the public generally or are activated by evil or reprehensible motives" *(Gravitt v Newman,* 114 AD2d 1000, 1002; *see also, Sweeney v McCormick,* 159 AD2d 832). "In the case of a tort action, the defendant's conduct must be so flagrant as to transcend mere carelessness" *(Frenya v Champlain Val. Physicians' Hosp. Med. Ctr.,* 133 AD2d 1000, 1000-1001). The allegations contained in the plaintiffs' amended complaints amount to nothing more than mere negligence and do not rise to the level of moral culpability necessary to support a claim for punitive damages *(see, Taylor v Dyer,* 190 AD2d 902; *Karen S. v Streitferdt,* 172 AD2d 440; *Sweeney v McCormick, supra).* Thompson, J. P., Bracken, Balletta and Eiber, JJ., concur.