■ DONNA TAMBORINO, Respondent, v ROBERT BURAKOFF, Appellant. [638 NYS2d 697] —In an action to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Nassau County (Schmidt, J.), dated January 13, 1995, which, *inter alia*, denied his motion to dismiss

the complaint and to preclude the plaintiff from presenting expert medical testimony.

Ordered that the order is modified by adding a provision thereto directing that the plaintiff's attorneys pay to the defendant's attorneys the sum of $2,500 within 30 days after service upon them of a copy of this decision and order with notice of entry; as so modified, the order is affirmed, with costs to the defendant.

In September 1993 the defendant moved, *inter alia,* for an order precluding the plaintiff from introducing expert testimony and dismissing the complaint because of her failure to comply with a discovery order dated May 10, 1993, which had directed her, among other things, to respond to his demand for expert information pursuant to CPLR 3101 (d). Although the plaintiff did not oppose the motion, on October 4, 1993 she responded to several of the defendant's various demands. Included in this response was a statement that she had not yet retained an expert witness. By order dated October 14, 1993, the plaintiff was directed to comply with the May 10, 1993, order and respond to the defendant's demand for expert information.

The plaintiff failed to provide any expert witness information until January 10, 1995, three days before the trial was to commence. Immediately prior to trial, the defendant again moved to preclude the plaintiff from introducing any expert medical testimony because of her failure to comply with the discovery order and to dismiss the complaint because the plaintiff could not prove medical malpractice without an expert witness. The court denied the motion to preclude and dismiss, but struck the plaintiff's note of issue. The defendant appeals.

The court would have been well within its discretion in granting the defendant's motion to preclude the plaintiff from offering expert testimony on the ground that the plaintiff, without good cause, failed to timely comply with the court's discovery order (*see, e.g., Grassel v Albany Med. Ctr.,* 223 AD2d 803). We also note that the expert information provided by the plaintiff was barely adequate (*see, Carroll v Nunez,* 146 Misc 2d 422). However, we cannot conclude that the trial court improvidently exercised its discretion in denying the defendant's motion to preclude. We find that the defense was disserved by the lateness of the information provided by the plaintiff and under the circumstances of this case, the appropriate resolution is for the plaintiff's attorneys to pay $2,500 to the defendant's attorneys for the costs of the motion practice engendered by the plaintiff's failure to comply with the court's

directives. Balletta, J. P., Rosenblatt, Pizzuto, Joy and Altman, JJ., concur.