■ SALVATORE INTAGLIATA, Appellant, v PEELLE COMPANY, Respondent. (And a Third-Party Action.) [642 NYS2d 914] —In a products liability action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Collins, J.), dated May 22 1995, as denied his motion to amend his complaint to assert a demand for punitive damages and to

compel the defendant to comply with his demand for disclosure of expert information pursuant to CPLR 3101 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

On May 12, 1987, the plaintiff was working at the premises of the third-party defendant National Regional Off-Track Betting Corp. (hereinafter OTB), located at the Green Acres Mall. The plaintiff, who had never operated or been in a freight elevator, was trying to close the doors to the elevator to remove garbage from the OTB parlor and injured his hand on a component of the door. Thereafter, the plaintiff instituted this products liability action against the defendant, Peelle Company, the manufacturer of the freight elevator door. After issue was joined, the plaintiff moved, *inter alia,* to amend his complaint to assert a demand for punitive damages and to compel compliance with his demand for expert disclosure pursuant to CPLR 3101 (d). The Supreme Court denied the motion.

On appeal, the plaintiff argues that the Supreme Court erred in denying the branch of his motion which was to amend the complaint because, *inter alia,* it misunderstood his theory of liability and improperly determined an issue of fact. The plaintiff also claims that the court erred in denying the branch of his motion relating to expert disclosure.

While leave to amend a pleading "shall be freely given" (CPLR 3025 [b]), the court should examine the sufficiency of the proposed amendment and deny amendment where, as here, the proposed amendment is devoid of merit and legally insufficient (*see, e.g., Zabas v Kard,* 194 AD2d 784; *Goldin v Conway Motors,* 122 AD2d 834).

Furthermore, the Supreme Court did not improvidently exercise its discretion in refusing to preclude the defendant from producing an expert or compelling it to respond to the plaintiff's demand for expert disclosure pursuant to CPLR 3101 (d) (*see, e.g., Tamborino v Burakoff,* 224 AD2d 609). Mangano, P. J., Miller, Ritter and Pizzuto, JJ., concur.