■ KRISTEN LEE et al., Respondents, v HEALTH FORCE, INC., et al., Appellants. [702 NYS2d 108] —In a negligence action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Carter, J.), dated January 12, 1999, as granted that branch of the plaintiffs' motion which was for leave to amend their complaint to add a demand for punitive damages in the first cause of action.

Ordered that the order is reversed insofar as appealed from, with costs, and that branch of the motion which was for leave to assert a demand for punitive damages is denied.

The infant plaintiff Kristen Lee, a mentally retarded and physically handicapped person, received second degree burns while being given a shower by the defendant Susan Millan, a personal care aide employed by the defendant Health Force, Inc. (hereinafter Health Force). The plaintiffs commenced this action alleging negligence by the defendants. Following depositions, the plaintiffs were granted leave to amend their complaint to add a demand for punitive damages, alleging that the defendant Health Force had acted with gross recklessness in training Millan and that Millan was reckless in her care of the infant plaintiff.

While leave to amend pleadings should be liberally granted (*see, Zabas v Kard,* 194 AD2d 784), the plaintiffs' allegations in this case do not sustain a demand for punitive damages (*see, Nooger v Jay-Dee Fast Delivery,* 251 AD2d 307). "Punitive damages are warranted where the conduct of the party being held liable evidences a high degree of moral culpability * * * or where the conduct is so flagrant as to transcend mere carelessness * * * or where the conduct constitutes willful or wanton negligence or recklessness" (*Rey v Park View Nursing Home,* 262 AD2d 624, 627).

At her examination before trial Millan testified that the water temperature of the shower became hot unexpectedly and scalded the infant plaintiff. As soon as she became aware of this, she applied cold water and cold compresses to the infant plaintiff, as well as a small amount of Noxema cream, and tried to contact family members. She had received five months of training in various aspects of health care including emergency treatment for burns. A representative of Health Force testified at her examination before trial that the competency of personal care aides such as Millan, and the needs of patients such as the infant plaintiff, were regularly evaluated.

The plaintiffs' allegations against the defendants do not support a demand for punitive damages (*see, Nooger v Jay-Dee Fast Delivery, supra*). The defendants' conduct did not manifest a high degree of moral culpability, and did not constitute wilful or wanton negligence (*see, Rey v Park View Nursing Home, supra*). Accordingly, that branch of the plaintiffs' motion which was for leave to amend the complaint to assert a demand for punitive damages should have been denied (*see, Zabas v Kard, supra*). Bracken, J. P., Santucci, Thompson and S. Miller, JJ., concur.