■ G&L INDUSTRIES, INC./OLD ACTION LABS, INC., Respondent, v BELL BATES CO., INC., Appellant. [739 NYS2d 853] —In an action to recover payment on an account stated brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Catterson, J.), dated May

29, 2001, as denied that branch of its cross motion which was for summary judgment or, in the alternative, to consolidate the present action with another action entitled *USA Nutritionals v Pharmalife, Inc.,* pending in the Supreme Court, Nassau County, under Index No. 99/031204, and held in abeyance that branch of its cross motion which was for the imposition of sanctions.

Ordered that the appeal from that portion of the order which held in abeyance that branch of the defendant's cross motion which was for the imposition of sanctions is dismissed; and it is further,

Ordered that the order is affirmed insofar as appealed from and reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

That branch of the defendant's cross motion which was for summary judgment was properly denied since issues of fact exist regarding whether the plaintiff was paid the amounts the defendant allegedly owed to it, and, if so, the manner of payment and whether the accounts receivable, if they still exist, were transferred in an asset sale.

The branch of the defendant's cross motion which was for the imposition of sanctions was held in abeyance by the Supreme Court, and thus, it remains pending and undecided. Accordingly, the appeal from that portion of the order must be dismissed, and we do not consider any issue concerning that branch of the defendant's cross motion (*see Chalasani v State Bank of India, N.Y. Branch,* 283 AD2d 601; *Matter of Valley Forge Ins. Co. v Schofield,* 283 AD2d 507, 508; *Katz v Katz,* 68 AD2d 536, 542-543; *cf. Matter of Gavilanes v Dilan,* 281 AD2d 546).

The Supreme Court properly found that the instant action is unrelated to the action entitled *USA Nutritionals v Pharmalife, Inc.,* as the two actions involve different parties, issues, and invoices (*see* CPLR 602 [a]; *Target Graphics v Deutsch,* 282 AD2d 601). Therefore, that branch of the defendant's cross motion which, in the alternative, sought to consolidate the actions was properly denied. Florio, J.P., S. Miller, McGinity and Adams, JJ., concur.