SECOND DEPARTMENT, JULY, 2002

(July 1, 2002)

■ WAYNE ARNOLD et al., Appellants, v NEIL SIEGEL et al., Respondents. [745 NYS2d 431] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from so much of (1) an order of the Supreme Court, Rockland County (O'Rourke, J.), dated September 21, 2001, as denied their motion, inter alia, for leave to serve a third amended complaint to add a claim for punitive damages, to disqualify counsel for the defendant Nyack Hospital, to preclude the defendant Nyack Hospital from introducing any evidence at trial as to its affir-

mative defenses, and to compel discovery, and (2) an order of the same court, dated October 17, 2001, as denied their motion to disqualify counsel for the defendants Neil Siegel, Rockland Podiatry, P.C., and Steven Adler.

Ordered that the appeal from so much of the order dated September 21, 2001, as denied that branch of the plaintiffs' motion which was to disqualify counsel for the defendant Nyack Hospital is dismissed, since the plaintiffs are not aggrieved thereby, as they withdrew that branch of the motion before the issuance of the order; and it is further,

Ordered that the order dated September 21, 2001, is affirmed insofar as appealed from and reviewed; and it is further,

Ordered that the order dated October 17, 2001, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

The Supreme Court properly exercised its discretion in denying that branch of the plaintiffs' motion which was for leave to serve a third amended complaint to add a claim for punitive damages. The record is devoid of any evidence of willful or wanton negligence or recklessness on the part of the defendants which would warrant such a claim (*see Tatzel v Kaplan,* 292 AD2d 440; *Lee v Health Force,* 268 AD2d 564; *Rey v Park View Nursing Home,* 262 AD2d 624, 627).

The Supreme Court properly denied that branch of the plaintiffs' motion which was to preclude the defendant Nyack Hospital (hereinafter the Hospital) from introducing any evidence at trial as to its affirmative defenses. The Hospital's affirmative defenses are statutory in nature and require no amplification in a further bill of particulars (*see Marsala v Weinraub,* 208 AD2d 689, 690).

We agree with the Supreme Court that there is no basis to disqualify the counsel for the defendants Neil Siegel, Rockland Podiatry, P.C., and Steven Adler. Consequently, the Supreme Court properly denied that branch of the plaintiffs' motion which sought that relief (*cf. Tekni-Plex, Inc. v Meyner & Landis,* 89 NY2d 123).

The plaintiffs' remaining contentions are without merit. Florio, J.P., Feuerstein, Krausman and Crane, JJ., concur.