■ GERALD EDWARDS et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [794 NYS2d 109]—

In an action to recover damages for personal injuries, etc., the

defendant appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated November 14, 2003, which denied its motion for summary judgment dismissing the complaint on the ground that the plaintiff Gerald Edwards did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, without costs or disbursements.

Where a defendant fails to meet its initial burden of establishing a prima facie case, it becomes unnecessary to consider whether the plaintiffs' papers in opposition to the defendant's motion were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]; *Chaplin v Taylor*, 273 AD2d 188 [2000]; *Mariaca-Olmos v Mizrhy*, 226 AD2d 437 [1996]). In this case, the defendant's experts examined the injured plaintiff and found that he had a full range of motion in his cervical spine. However, neither expert "set forth the objective tests they performed" to support their statement (*Zavala v DeSantis*, 1 AD3d 354, 355 [2003]; *see Black v Robinson*, 305 AD2d 438 [2003]; *Gamberg v Romeo*, 289 AD2d 525 [2001]; *Junco v Ranzi*, 288 AD2d 440 [2001]). In addition, neither expert tested the range of motion of the injured plaintiff's lumbar spine, and both experts found limitations on straight-leg raising. Thus, the defendant failed to establish a prima facie case, and therefore, the motion for summary judgment was properly denied. Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.