■ STEPHEN BEYEL et al., Appellants-Respondents, v EDUARDO CONSOLE, Respondent-Appellant, and MARIE ANDRE et al., Respondents. [811 NYS2d 687]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Lally, J.), dated August 12, 2004, which granted that branch of the motion of the defendants Charm Limousine Corp. and Antonio Alvarez and those branches of the cross motion of the defendants Marie Andre and Ronald Andre and the separate cross motion of the defendant Eduardo Console which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that the plaintiff Stephen Beyel did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and the defendant Eduardo Console cross-appeals from the same order.

Ordered that the cross appeal is dismissed on the ground that Eduardo Console is not aggrieved by the order (*see* CPLR 5511); and it is further,

Ordered that the order is reversed, on the law, those branches of the motion and the cross motions which were for summary judgment dismissing the complaint on the ground that the plaintiff Stephen Beyel did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) are denied, the complaint is reinstated, and the matter is remitted to the

Supreme Court, Nassau County, to determine those branches of the motion and the respective cross motions which were for summary judgment on the issue of liability; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The only competent medical evidence submitted in support of the branches of the motion and the respective cross motions which were for summary judgment dismissing the complaint on the ground that the plaintiff Stephen Beyel did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) was the affirmed report of an orthopedic surgeon, Dr. Jerrold M. Gorski. Although the injured plaintiff, Stephen Beyel, complained of pain in his lumbosacral spine and magnetic resonance imaging (hereinafter MRI) scans taken of that region of his spine indicated herniations at multiple levels, Dr. Gorski's report did not reflect that he ever tested the range of motion of that part of the injured plaintiff's body. In addition, Dr. Gorski failed to specify that the opinion set forth in his affirmed report, that the herniated discs were caused by degenerative disc disease, was based on his review of the actual MRI scans (*see Friedman v U-Haul Truck Rental,* 216 AD2d 266 [1995]). Although Dr. Gorski's report cited that he relied instead on the reports of those MRI studies, those reports provide no support for such a conclusion. Accordingly, Dr. Gorski's report failed to establish the defendants' prima facie entitlement to judgment as a matter of law (*see Edwards v New York City Tr. Auth.,* 17 AD3d 628 [2005]). The branch of the motion and the respective cross motions which were for summary judgment dismissing the complaint on the ground that the plaintiff Stephen Beyel did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) should therefore have been denied.

To the extent that the defendant Eduardo Console raises an issue with respect to that branch of his cross motion which was for summary judgment on the issue of liability, we note that the subject branch of his cross motion remains pending and undecided in the Supreme Court (*see Katz v Katz,* 68 AD2d 536, 542-543 [1979]). Cozier, J.P., Santucci, Spolzino and Skelos, JJ., concur.