■ Hilda DeJesus, Appellant, v Howard E. Tanenbaum et al., Respondents. [814 NYS2d 749]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Galasso, J.), entered March 17, 2005, as granted the defendants' cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is denied, and the complaint is reinstated.

Although the plaintiff claimed that she had injured her neck in the subject accident and a magnetic resonance imaging scan indicated a disc bulge in that region, the affirmed report of the defendants' orthopedist did not reflect that he ever tested the range of motion of that part of the plaintiff's body (*see Beyel v Console*, 25 AD3d 636 [2006]; *Edwards v New York City Tr. Auth.*, 17 AD3d 628 [2005]). Under the circumstances, the defendants failed to establish, prima facie, their entitlement to judgment as a matter of law. In view of the foregoing, it is not necessary to consider whether the plaintiff's papers in opposition to the defendants' cross motion were sufficient to raise a triable issue of fact (*see Facci v Kaminsky*, 18 AD3d 806 [2005]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.