■ Virginia Morton et al., Respondents, v Brookhaven Memorial Hospital, Also Known as Brookhaven Memorial Hospital Medical Center, et al., Defendants, and Robert N. Prichep, Appellant. [820 NYS2d 294]—

In an action to recover damages for medical malpractice, etc., the defendant Robert N. Prichep appeals from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated December 21, 2004, as granted that branch of the plaintiffs' motion which was for leave to serve a third amended complaint to add a claim for punitive damages against him.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the motion which was for leave to serve a third amended complaint to add a claim for punitive damages is denied.

The plaintiff Virginia Morton allegedly sustained permanent nerve damage in her left arm as a result of an improper venipuncture, an untimely diagnosis of a hematoma, and an improper delay of surgery. Following depositions, the plaintiffs were granted leave to serve a third amended complaint adding a claim for punitive damages against the defendant Dr. Robert N. Prichep.

While leave to amend pleadings should be liberally granted (*see* CPLR 3025 [b]; *Lee v Health Force*, 268 AD2d 564 [2000], citing *Zabas v Kard*, 194 AD2d 784 [1993]), "it is equally true that the court should examine the sufficiency of the merits of the proposed amendment" (*Zabas v Kard, supra* at 784; *see Intagliata v Peelle Co.*, 227 AD2d 450, 451 [1996]). Where, as here, the proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit, leave to amend should be denied (*see Glassman v ProHealth Ambulatory Surgery Ctr., Inc.*, 23 AD3d 522 [2005]; *Arnold v Siegel*, 296 AD2d 363 [2002]; *Lee v Health Force, supra; Intagliata v Peelle Co., supra; Zabas v Kard, supra*). Punitive damages are recoverable where the conduct in question evidences "a high degree of moral culpability," or "the conduct is so flagrant as to transcend mere carelessness," or "the conduct constitutes willful or wanton negligence or recklessness" (*Lee v Health Force, supra* at 564 [internal quotation marks omitted]; *see Rey v Park View Nursing Home*, 262 AD2d 624, 627 [1999]). The record is devoid of any evidence of willful or wanton negligence on the part of Dr. Prichep which would warrant an award of punitive damages (*see e.g. Arnold v Siegel, supra; Lee v Health Force, supra; Intagliata v Peelle Co.,*

*supra; Zabas v Kard, supra; Spinosa v Weinstein,* 168 AD2d 32, 42 [1991]; *cf. Graham v Columbia Presbyt. Med. Ctr.,* 185 AD2d 753 [1992]; *Sultan v Kings Highway Hosp. Ctr.,* 167 AD2d 534 [1990]). Santucci, J.P., Krausman, Mastro and Skelos, JJ., concur.