■ In the Matter of Awilda Wolfert, Respondent, v Marc S. Wolfert, Appellant. [828 NYS2d 156]—In a proceeding pursuant to Family Court Act article 4 for an upward modification of the father's child support obligation, the father appeals from an order of the Family Court, Westchester County (Davidson, J.), entered December 6, 2005, which denied his objection to an order of the same court (Thompson, S.M.) dated March 14, 2005 awarding him an attorney's fee in the sum of only $1,500.

Ordered that the order entered December 6, 2005 is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying the father's objection and substituting therefor a provision sustaining the objection to the extent of awarding him an attorney's fee in the sum of $6,900 and disbursements in the sum of $270 and otherwise denying the objection; as so modified, the order is affirmed, with costs to the father.

The parties entered into a stipulation of settlement wherein they agreed that in the event that the mother ever sought and/or lost an application for increased child support, she would be responsible for the father's "reasonable counsel fees and disbursements incurred in connection with defending" the ap-

plication. Approximately two months after the judgment of divorce was entered, the mother sought an upward modification of the father's child support obligation. The mother's petition for upward modification of the father's child support obligation was dismissed. Although the father requested an attorney's fee in the total sum of $11,575.35, the Support Magistrate awarded the father an attorney's fee in the sum of only $1,500. The father filed an objection to the Support Magistrate's order. The Family Court denied his objection. We modify.

Under the facts of this case, the Family Court improvidently exercised its discretion in awarding the father an attorney's fee in the sum of only $1,500. Upon consideration, inter alia, of the retainer agreements entered into by the father and his attorneys, as well as the detailed invoices itemizing the work performed for legal services rendered by the father's attorneys in defending the mother's application for an upward modification of the father's child support obligation, an award of an attorney's fee in the sum of $6,900, plus disbursements in the sum of $270, is warranted.

To the extent that the father raises issues concerning his request for sanctions, we note that the request was not addressed by the Family Court and thus, remains pending and undecided (*see Beyel v Console,* 25 AD3d 636, 637 [2006]; *Katz v Katz,* 68 AD2d 536, 542-543 [1979]).

In light of our determination, we need not reach the father's remaining contention. Schmidt, J.P., Santucci, Krausman and Rivera, JJ., concur.