■ TORI HILL et al., Appellants, v 2016 REALTY ASSOCIATES et al., Defendants, and NEW YORK PRESBYTERIAN HOSPITAL-WEILL CORNELL CENTER, Respondent. [839 NYS2d 801]—

In an action to recover damages for medical malpractice and wrongful death, the plaintiffs appeal from stated portions of an order of the Supreme Court, Kings County (Schmidt, J.), dated August 18, 2005, which, inter alia, denied that branch of their motion which was for leave to amend the complaint to add a claim for punitive damages against the defendant New York Presbyterian Hospital-Weill Cornell Center.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiffs' contention, the Supreme Court properly denied that branch of their motion which was for leave to amend the complaint to add a claim for punitive damages against the defendant New York Presbyterian Hospital-Weill Cornell Center (hereinafter Cornell). Although leave to amend pleadings should be liberally granted (*see* CPLR 3025 [b]), "it is equally true that the court should examine the sufficiency of the merits of the proposed amendment" (*Morton v Brookhaven Mem. Hosp.*, 32 AD3d 381 [2006] [internal quotation marks omitted]), and, where the proposed amendment is "palpably insufficient as a matter of law or is totally devoid of merit, leave to amend should be denied" (*id.*; *see Lee v Health Force*, 268 AD2d 564 [2000]). Punitive damages are recoverable in a medical malpractice action only where the defendant's conduct evinces "a high degree of moral culpability [or constitutes] willful or wanton negligence or recklessness" (*Lee v Health Force, supra* at 564, quoting *Rey v Park View Nursing Home*, 262 AD2d 624, 627 [1999]). The plaintiffs' proposed amendment was palpably insufficient as a matter of law to show such conduct (*see Morton v Brookhaven Mem. Hosp., supra*; *Arnold v Siegel*, 296 AD2d 363, 364 [2002]; *Lee v Health Force, supra*; *Stransky v Tannenbaum*, 262 AD2d 301 [1999]; *Federal Deposit Ins. Corp. v Lefcon Partnership*, 250 AD2d 643 [1998]; *Spinosa v Weinstein*, 168 AD2d 32, 41-43 [1991]).

To the extent the plaintiffs raise issues concerning their request for sanctions against counsel for Cornell and the defendant Roger Yurt, we do not reach those issues because they were not addressed by the Supreme Court and, thus, remain pending and undecided (*see Matter of Wolfert v Wolfert*, 35 AD3d 870 [2006]; *G&L Indus./Old Action Labs v Bell Bates Co.*, 293 AD2d 511, 512 [2002]; *Katz v Katz*, 68 AD2d 536, 543 [1979]).

The plaintiffs' remaining contention is not properly before this Court. Rivera, J.P., Florio, Fisher and Dillon, JJ., concur.