■ TIMOTHY KEATING, Plaintiff, v NANUET BOARD OF EDUCATION et al., Defendants, and SIEMENS BUILDING TECHNOLOGIES, INC., Defendant and Third-Party Plaintiff-Respondent. ENVIRONMENTAL CLIMATE CONTROL, INC., Third-Party Defendant-Appellant. [843 NYS2d 157]—

In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Rockland County (Alessandro, J.), dated May 1, 2006, which denied its motion for leave to amend its answer to the third-party complaint to include an affirmative defense based

on the New Jersey Property and Liability Guaranty Association Act.

Ordered that the order is affirmed, with costs.

While leave to amend a pleading should be freely given (*see* CPLR 3025 [b]), the decision as to whether to grant such leave is generally left to the sound discretion of the trial court (*see Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959 [1983]; *Fulford v Baker Perkins, Inc.,* 100 AD2d 861 [1984]), and its determination will not be lightly set aside (*see Beuschel v Malm,* 114 AD2d 569 [1985]). Here, the Supreme Court providently exercised its discretion in denying the motion of the third-party defendant, Environmental Climate Control, Inc. (hereinafter ECC), for leave to amend its answer to the third-party complaint to add an additional affirmative defense. After more than five years of discovery, extensive motion practice, and a prior appeal, ECC served its motion just seven weeks before the scheduled trial date, and made the motion returnable just two weeks prior to that date. However, the information upon which the affirmative defense was based was known to ECC for more than five years. Since ECC failed to offer a reasonable excuse for its delay in seeking the amendment, and the third-party plaintiff would be prejudiced by the addition of the proposed amendment on the eve of trial, ECC's motion was properly denied (*see Caruso v Anpro, Ltd.,* 215 AD2d 713 [1995]; *Mawardi v New York Prop. Ins. Underwriting Assn.,* 183 AD2d 758 [1992]; *Pellegrino v New York City Tr. Auth.,* 177 AD2d 554, 557 [1991]). Further, the proposed amendment is palpably insufficient as a matter of law and patently devoid of merit (*see Hill v 2016 Realty Assoc.,* 42 AD3d 432, 433 [2007]; *Polizzi v Profaci,* 5 AD3d 456, 458 [2004]; *Giovinco v Goldman,* 276 AD2d 469 [2000]; *McKiernan v McKiernan,* 207 AD2d 825 [1994]). Miller, J.P., Skelos, Covello and McCarthy, JJ., concur.