TIMOTHY KRAYCAR, Respondent, v THOMAS C. MONAHAN et al., Appellants. [856 NYS2d 123]—

It is well settled that a supplemental bill of particulars may be used for purposes of updating "claims of continuing special damages and disabilities" (CPLR 3043 [b]), but may not be used for adding new injuries or damages (*see Kyong Hi Wohn v County of Suffolk,* 237 AD2d 412 [1997]; *Sagar v Khun Y. Son,* 208 AD2d 1092 [1994]; *Aversa v Taubes,* 194 AD2d 580 [1993]; *Mazzilli v City of New York,* 154 AD2d 355, 356-357 [1989]). In

this case, on the eve of trial, the plaintiff sought to add new injuries to the bill of particulars which had not been mentioned previously, and which did not appear in the medical records for nearly five years after the date of the accident. Under these circumstances, it was an improvident exercise of discretion to allow the plaintiff to claim these new injuries.

Similarly, it was an improvident exercise of discretion to allow the plaintiff to amend the complaint to add a claim for punitive damages against the defendant Linda Monahan. While leave to amend pleadings should be liberally granted, where the proposed amendment is "palpably insufficient as a matter of law or is totally devoid of merit, leave to amend should be denied" (*Morton v Brookhaven Mem. Hosp.*, 32 AD3d 381, 381 [2006]; *see Arnold v Siegel*, 296 AD2d 363 [2002]). Punitive damages are recoverable in a negligence action only where the conduct in question evidences "a high degree of moral culpability," or "the conduct is so flagrant as to transcend mere carelessness" and "constitutes willful or wanton negligence or recklessness" (*Lee v Health Force*, 268 AD2d 564, 564 [2000] [citation omitted]; *see Rey v Park View Nursing Home*, 262 AD2d 624, 627 [1999]). In this case, the record is "devoid of any evidence of willful or wanton negligence" on the part of the defendant Linda Monahan, and, therefore, that branch of the plaintiff's motion which was for leave to amend the complaint should have been denied (*Morton v Brookhaven Mem. Hosp.*, 32 AD3d at 381; *see Arnold v Siegel*, 296 AD2d 363 [2002]; *Lee v Health Force*, 268 AD2d 564 [2000]).

We note that the plaintiff failed to establish his claim that this appeal should be dismissed as untimely taken. Spolzino, J.P., Santucci, Dillon and Balkin, JJ., concur.