In an action to recover damages for personal injuries, the defendant Brian M. Chambers, Jr., appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated October 4, 2007, as denied that branch of his motion which was for leave to amend his answer.
Ordered that the order is affirmed insofar as appealed from, with one bill of costs.
A determination whether to grant leave to serve an amended pleading is within the trial court’s broad discretion, the exercise *407 of which will not be lightly disturbed (see Ingrami v Rovner, 45 AD3d 806 [2007]; Keating v Nanuet Bd. of Educ., 44 AD3d 623, 624 [2007]; CPLR 3025 [b]). “In exercising its discretion, the court should consider how long the amending party was aware of the facts upon which the motion was predicated, whether a reasonable excuse for the delay was offered, and whether prejudice resulted therefrom” (Mohammed v City of New York, 242 AJD2d 321, 321 [1997]; see F.G.L. Knitting Mills v 1087 Flushing Prop., 191 AD2d 533, 534 [1993]). In addition, “[w]here . . . the proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit, leave to amend should be denied” (Morton v Brookhaven Mem. Hosp., 32 AD3d 381, 381 [2006]; Thone v Crown Equip. Corp., 27 AD3d 723, 724 [2006]).
The Supreme Court providently exercised its discretion in denying that branch of the motion of the defendant Brian E. Chambers, Jr., which was for leave to amend his answer. Chambers failed to offer a reasonable excuse for his delay. Additionally, the facts upon which Chambers based that branch of his motion which was for leave to amend the answer were known to him when he initially answered the complaint. Chambers’s assertion that he did not give the defendant Gary E. Robinson permission to operate Chambers’s vehicle on June 16, 2004 involved a matter that obviously was known to him when he answered the complaint on or about November 15, 2005. No explanation was offered for the failure to plead the issue in the answer. Neither was any explanation offered for the failure to take an appeal from the order dated August 2, 2006 granting the plaintiff partial summary judgment on the issue of liability and implicitly denying the cross motion of defense counsel, who had initially appeared for both defendants, to withdraw as counsel for Robinson. Finally, no explanation was offered for the failure to immediately move for leave to reargue the motion and cross motion which resulted in the order dated August 2, 2006, after Robinson executed a consent to change attorney on August 30, 2006 and moved, inter alia, for leave to amend the answer at that time. Rivera, J.R, Florio, Angiolillo, McCarthy and Chambers, JJ., concur.