■ DANIEL ROSENBLUM, Respondent, v ROBERT H. FRANKL et al., Appellants. [869 NYS2d 797]

The Supreme Court providently exercised its discretion in denying the defendants' motion for leave to amend their answer to assert counterclaims to recover punitive damages, and granted the plaintiff's cross motion to strike the eighth affirmative defense asserting their entitlement to punitive damages (*see Yong Wen Mo v Gee Ming Chan,* 17 AD3d 356 [2005]; *Schwegel v Chiaramonte,* 4 AD3d 519, 521 [2004]).

While it is true that leave to amend pleadings should be liberally granted (*see* CPLR 3025 [b]), it is equally true that "[w]here, as here, the proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit, leave to amend should be denied" (*Morton v Brookhaven Mem. Hosp.,* 32 AD3d 381, 381 [2006]; *see Thone v Crown Equip. Corp.,* 27 AD3d 723 [2006]). In addition to the general rule that a demand for punitive damages may not constitute a separate cause of action for pleading purposes (*see Kantrowitz v Allstate Indem. Co.,* 48 AD3d 753 [2008]; *Grazioli v Encompass Ins. Co.,* 40 AD3d 696, 698 [2007]), it cannot be said that the plaintiff's conduct in commencing this action was so egregious as to warrant an award of punitive damages (*see Shovak v Long Is. Commercial Bank,* 50 AD3d 1118 [2008]; *Morton v Brookhaven Mem. Hosp.,* 32 AD3d 381 [2006]). Spolzino, J.P., Santucci, Miller, Dickerson and Eng, JJ., concur.