■ PATRICK MOYSE, Plaintiff, v JACOB WAGNER, Appellant, and PORITZ AND ASSOCIATES, LLC, et al., Respondents, et al., Defendant. [888 NYS2d 148]—

---

In an action to recover damages for personal injuries, the defendant Jacob Wagner appeals from so much of an order of the Supreme Court, Richmond County (McMahon, J.), dated October 17, 2008, as denied his motion for leave to amend his answer to assert a cross claim for indemnification against the defendants Poritz and Associates, LLC, and Alan Poritz.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the contention of the defendant Jacob Wagner, the Supreme Court properly denied his motion for leave to amend his answer to assert a cross claim for indemnification against the defendants Poritz and Associates, LLC, and Alan Poritz (hereinafter together the Poritz defendants). Leave to amend a pleading "shall be freely given upon such terms as may be just" (CPLR 3025 [b]; *see Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959 [1983]) as long as the proposed amendment is not palpably insufficient or devoid of merit (*see Bolanowski v Trustees of Columbia Univ. in City of N.Y.,* 21 AD3d 340, 341 [2005]; *Glaser v County of Orange,* 20 AD3d 506 [2005]; *Ortega v Bisogno & Meyerson,* 2 AD3d 607, 609 [2003]).

Accordingly, in considering a motion for leave to amend, it is incumbent upon the court to examine the sufficiency and merits of the proposed amendment (*see Hill v 2016 Realty Assoc.,* 42 AD3d 432, 433 [2007]; *see e.g. Abrahamian v Tak Chan,* 33 AD3d 947, 949 [2006]; *Fisher v Braun,* 227 AD2d 586, 587 [1996]).

In this case, Wagner's proposed cross claim was devoid of merit (*see e.g. Beja v Meadowbrook Ford,* 48 AD3d 495, 496 [2008]; *Ross v Gidwani,* 47 AD3d 912, 913 [2008]), since the contractual provisions upon which it was premised were clearly irrelevant to the issue of Wagner's potential tort liability for the plaintiff's alleged injuries (*see e.g. Farragher v City of New York,* 26 AD2d 494 [1966], *affd* 21 NY2d 756 [1968]). Moreover, Wagner could not be found liable unless the trier of fact first determined that the Poritz defendants did not have a reasonable time within which to remedy the alleged defective condition (*see generally Sarfowaa v Claflin Apts.,* 284 AD2d 228 [2001]; *Edwards v Van Skiver,* 256 AD2d 957, 958 [1998]; *Brown v O'Connor,* 193 AD2d 1088 [1993]; *Farragher v City of New York,* 26 AD2d 494 [1966], *affd* 21 NY2d 756 [1968]). Mastro, J.P., Balkin, Dickerson and Lott, JJ., concur.