■ WINTERS BROTHERS RECYCLING CORP., Respondent, v H.B. MILLWORK, INC., Appellant. [900 NYS2d 99]—

In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated February 17, 2009, which denied its motion to stay the action pursuant to CPLR 2201 pending the determination of a subsequently-commenced federal antitrust action, and for leave to amend its answer pursuant to CPLR 3025 (b) to assert an affirmative defense that the subject contract violated federal antitrust laws.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was to stay the instant action pursuant to CPLR 2201 pending the determination of a subsequently commenced federal antitrust action. The parties, claims, and relief sought in the two actions

were not sufficiently identical or overlapping to warrant a stay (*see Green Tree Fin. Servicing Corp. v Lewis*, 280 AD2d 642 [2001]; *Bennell Hanover Assoc. v Neilson*, 215 AD2d 710, 711 [1995]; *Abrams v Xenon Indus.*, 145 AD2d 362, 363 [1988]; *El Greco Inc. v Cohn*, 139 AD2d 615 [1988]; *cf. Asher v Abbott Labs.*, 307 AD2d 211, 212 [2003]; *Theatre Confections v Andrea Theatres*, 126 AD2d 969 [1987]).

The Supreme Court also properly denied that branch of the defendant's motion which was for leave to amend its answer to assert an affirmative defense that the subject contract violated federal antitrust laws. While leave to amend a pleading should be freely granted (*see* CPLR 3025 [b]), it may be denied where the proposed amendment is totally devoid of merit (*see Moyse v Wagner*, 66 AD3d 976, 977 [2009]; *Rosenblum v Frankl*, 57 AD3d 960 [2008]; *Morton v Brookhaven Mem. Hosp.*, 32 AD3d 381 [2006]). Here, the proposed amendment is totally devoid of merit because an alleged violation of federal antitrust laws is not a defense to an action to recover damages for breach of a services contract (*see Kelly v Kosuga*, 358 US 516 [1958]; *Castrol, Inc. v Parm Trading Co. of N.Y.C.*, 228 AD2d 633, 634 [1996]; *TDK Elecs. Corp. v M & A Enters.*, 172 AD2d 603 [1991]). Mastro, J.P., Eng, Belen and Austin, JJ., concur.