1812

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered August 21, 2009 in a medical malpractice action. The order granted in part the motion of defendants to strike the supplemental bill of particulars and to preclude plaintiff from presenting certain evidence at trial.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries allegedly arising from defendants' treatment of his right leg. More than six years after plaintiff served a bill of particulars and supplemental bill of particulars, Supreme Court issued an amended scheduling order directing plaintiff to provide a further supplemental bill of particulars by December 15, 2008 in the event that he is contending that his left leg was injured as a result of the surgery on his right leg. Plaintiff did not timely comply with that order. Indeed, approximately six months after the deadline set forth in the order, plaintiff served a supplemental bill of particulars and, four days later, on June 12, 2009, he served yet another supplemental bill of particulars alleging that his left leg was injured.

Defendants thereafter moved to strike the June 12, 2009 supplemental bill of particulars and to preclude plaintiff from presenting any evidence at trial concerning injury to his left leg. Supreme Court granted the motion to the extent of striking all references to "pain in the left leg of plaintiff . . . , the blood clot in the left leg . . . , and the entirety of paragraph 2" of that supplemental bill of particulars, and the court also precluded plaintiff from presenting evidence at trial "in support of any claims as to injury to or pain in his left leg being caused by any treatment" by defendants. We affirm (see CPLR 3043 [c]). "It is well settled that a supplemental bill of particulars may be used for purposes of updating 'claims of continuing special damages and disabilities' (CPLR 3043 [b]), but may not be used for adding new injuries or damages" (Kraycar v Monahan, 49 AD3d 507, 507 [2008]). We note in addition that plaintiff submitted the June 12, 2009 supplemental bill of particulars approximately six months after the court's deadline to do so, and provided no medical evidence suggesting that he suffered left leg injuries as a result of defendants' treatment (see Daly-Caffrey v Licausi, 70 AD3d 884 [2010]; Kraycar, 49 AD3d at 507; Licht v Trans Care N.Y., 3 AD3d 325, 326 [2004]). The court also properly granted

that part of defendants' motion seeking to preclude plaintiff from presenting evidence at trial concerning injury to his left leg. "[G]enerally, evidence of injuries or conditions not enumerated by the plaintiff in the bill of particulars will not be permitted at trial . . . [unless] it flows immediately and necessarily from the information conveyed in the bill of particulars[,] . . . or . . . the record reveals that the defendant[s] should have known of such injury or condition," and neither exception applies here (*Acunto v Conklin*, 260 AD2d 787, 788-789 [1999]; *see Conroe v Barmore-Sellstrom, Inc.*, 12 AD3d 1121, 1122-1123 [2004]). Present—Scudder, P.J., Peradotto, Carni, Lindley and Sconiers, JJ.