In an action to recover damages for injury to property, the plaintiff appeals from an order of the Supreme Court, Orange County (McGuirk, J.), dated January 11, 2010, which granted the defendant’s motion for leave to serve an amended answer to interpose the affirmative defense of release.
Ordered that the order is affirmed, with costs.
CFLR 3025 (b) provides that leave to serve an amended plead *1039 ing should be freely given upon such terms as are just. Whether to grant such leave is within the Supreme Court’s broad discretion (see Ingrami v Rovner, 45 AD3d 806 [2007]; Keating v Nanuet Bd. of Educ., 44 AD3d 623 [2007]), and leave to amend will generally be granted as long as the opponent is not surprised or prejudiced by the proposed amendment, and the proposed amendment is not patently devoid of merit (see AYW Networks v Teleport Communications Group, 309 AD2d 724 [2003]; Charleson v City of Long Beach, 297 AD2d 777 [2002]).
In this case, the Supreme Court providently exercised its discretion in granting the defendant’s motion for leave to amend the answer to assert the affirmative defense of release. Defense counsel provided a reasonable explanation for the delay in seeking leave to amend the answer, and the defense sought to be interposed is not patently devoid of merit. In addition, since the plaintiff was award of the settlement and release of the prior litigation involving the same claims as raised in this action, she could not claim either surprise or prejudice as a result of the amendment. Mastro, J.P., Florio, Dickerson, Belen and Lott, JJ., concur.