■ In the Matter of SINCLAIR HABERMAN et al., Appellants, v ZONING BOARD OF APPEALS OF CITY OF LONG BEACH et al., Respondents. [912 NYS2d 408]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the City of Long Beach dated December 29, 2003, which revoked a building permit previously issued to the petitioners/plaintiffs on August 12, 2003, and action, inter alia, for a judgment declaring that the petitioners/plaintiffs are entitled to the building permit, the petitioners/plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Marber, J.), dated April 20, 2009, as denied that branch of their motion which was for leave

to amend the complaint to add a sixth cause of action against the City of Long Beach and the Zoning Board of Appeals of the City of Long Beach to recover damages for a temporary taking.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the appellants' motion which was to amend the complaint to add a sixth cause of action against the City of Long Beach and the Zoning Board of Appeals of the City of Long Beach to recover damages for a temporary taking. Although leave to amend a pleading should be freely granted (*see* CPLR 3025 [b]), it may be denied where the proposed amendment is palpably insufficient or patently devoid of merit (*see Smiley Realty of Brooklyn, LLC v Excello Film Pak, Inc.*, 67 AD3d 891, 892 [2009]; *Moyse v Wagner*, 66 AD3d 976 [2009]; *Rosenblum v Frankl*, 57 AD3d 960 [2008]; *Tornheim v Blue & White Food Prods. Corp.*, 56 AD3d 761 [2008]). "Accordingly, in considering a motion for leave to amend, it is incumbent upon the court to examine the sufficiency and merits of the proposed amendment" (*Moyse v Wagner*, 66 AD3d at 977; *see Hill v 2016 Realty Assoc.*, 42 AD3d 432, 433 [2007]). Contrary to the appellants' contention, their proposed sixth cause of action, which seeks to recover damages, inter alia, for the temporary deprivation of the most beneficial use of their property arising from the allegedly wrongful revocation of their building permit, is palpably insufficient to state a cause of action under either a regulatory taking theory (*see Matter of Gazza v New York State Dept. of Envtl. Conservation*, 89 NY2d 603, 618 [1997], *cert denied* 522 US 813 [1997]; *de St. Aubin v Flacke*, 68 NY2d 66, 76-77 [1986]; *Putnam County Natl. Bank v City of New York*, 37 AD3d 575, 577 [2007]), or a substantive due process theory (*see Matter of Upstate Land & Props., LLC v Town of Bethel*, 74 AD3d 1450, 1452-1453 [2010]; *Bower Assoc. v Town of Pleasant Val.*, 304 AD2d 259 [2003], *affd* 2 NY3d 617 [2004]; *cf. Town of Orangetown v Magee*, 88 NY2d 41 [1996]). Mastro, J.P., Balkin, Eng and Hall, JJ., concur.