■ John Dmytryszyn, Individually and as Executor of Elizabeth Dmytryszyn, Deceased, Respondent, v Zvi Herschman, M.D., Appellant, et al., Defendants. [912 NYS2d 107]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, the defendant Zvi Herschman appeals from an order of the Supreme Court, Westchester County (Giacomo, J.), entered July 14, 2009, which granted the plaintiff's motion pursuant to CPLR 3025 (b) for leave to amend the complaint by adding a demand for punitive damages against him.

Ordered that the order is reversed, on the law, with costs, and the motion for leave to amend the complaint is denied.

The plaintiff commenced this action, inter alia, to recover damages for medical malpractice and wrongful death against, among others, the appellant, alleging that his negligence in performing an anesthesia-assisted rapid opiate detoxification procedure using the drug propofol (hereinafter the AROD procedure) resulted in the death of the plaintiff's wife. The New York State Department of Health (hereinafter the DOH) issued a statement of deficiencies in connection with the patient's death. The DOH found, among other things, that although the appellant did not have anesthesia privileges at the hospital where the procedure was performed, he was board certified in anaesthesiology and pain management, and did have consulting and pain management privileges at that hospital. Moreover, although the DOH found that the appellant's alleged experience performing the AROD procedure at other facilities could not be verified, it noted the appellant's statement to the hospital's medical director that the appellant had performed AROD procedures on numerous occasions prior to his treatment of the decedent. In addition, although the DOH found that the appellant was not present at the hospital during most of the AROD procedure, it recognized that the AROD procedure was expected to take as long as three days, and that the appellant was present at the hospital on several occasions during that period of time. With respect to the use of propofol, the DOH found that the appellant administered higher-than-recommended levels of propofol for a sustained period of time, and that the appellant failed to order the administration of certain drugs which would ameliorate the adverse effects of propofol. Based, inter alia, upon these findings, the plaintiff moved pursuant to CPLR 3025 (b) for leave to amend the complaint to add a demand for punitive damages against the appellant. The Supreme Court granted the motion. We reverse.

Leave to amend a complaint is to be freely granted, provided that the proposed amendment does not prejudice or surprise the defendant, is not patently devoid of merit, and is not palpably insufficient (see CPLR 3025 [b]; Shovak v Long Is. Commercial Bank, 50 AD3d 1118, 1120 [2008]). Punitive damages are recoverable in a medical malpractice action only where the defendant's conduct evinces a high degree of moral culpability or willful or wanton negligence or recklessness (see Hill v 2016 Realty Assoc., 42 AD3d 432, 433 [2007]; Morrell v Gorenkoff, 278 AD2d 210 [2000]; Lee v Health Force, 268 AD2d 564 [2000]; Rey v Park View Nursing Home, 262 AD2d 624, 627 [1999]). The

plaintiff's allegations were palpably insufficient to show such conduct (*see Hill v 2016 Realty Assoc.*, 42 AD3d at 433; *Morton v Brookhaven Mem. Hosp.*, 32 AD3d 381 [2006]). Accordingly, the plaintiff's motion should have been denied. Fisher, J.P., Santucci, Eng and Sgroi, JJ., concur.