Gioio v Ching Fu Lin (2019 NY Slip Op 04918)





Gioio v Ching Fu Lin


2019 NY Slip Op 04918


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2018-00617
 (Index No. 56791/16)

[*1]Doreen Gioio, etc., appellant, 
v
Ching Fu Lin, etc., et al., respondents.


Cohn & Spector, White Plains, NY (Julius W. Cohn of counsel), for appellant.
Dopf, P.C., New York, NY (Martin B. Adams and Michael L. Manci of counsel), for respondents Ching Fu Lin and Westchester Anesthesiologists, P.C.
Shaub, Ahmuty, Citrin & Spratt, LLP, New York, NY (Christopher Simone and Nicholas Tam of counsel), for respondent Phelps Memorial Hospital Center.



DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the plaintiff appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated November 21, 2017. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to amend the complaint to add a claim for punitive damages.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
Although leave to amend a pleading should be freely given in the absence of prejudice or surprise to the opposing party (see CPLR 3025[b]), a motion for leave to amend should be denied where the proposed amendment is palpably insufficient or patently devoid of merit (see J.W. Mays, Inc. v Liberty Mut. Ins. Co., 153 AD3d 1386, 1387). Further, "[w]hether to grant such leave is within the motion court's discretion, the exercise of which will not be lightly disturbed" (Pergament v Roach, 41 AD3d 569, 572).
Here, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to amend the complaint to add a claim for punitive damages. The plaintiff's allegations are palpably insufficient to demonstrate that the defendants' conduct evinced a high degree of moral culpability or constituted willful or wanton negligence or recklessness (see Dmytryszyn v Herschman, 78 AD3d 1108, 1109-1110; Hill v 2016 Realty Assoc., 42 AD3d 432; see generally Gomez v Cabatic, 159 AD3d 62).
LEVENTHAL, J.P., ROMAN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court