Buccigrossi v Glatman (2023 NY Slip Op 01174)

Buccigrossi v Glatman

2023 NY Slip Op 01174

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-07593
 (Index No. 151155/18)

[*1]Philip Buccigrossi, et al., appellants,
v
Josh Glatman, etc., respondent.

Jeffrey Samel & Partners, New York, NY (Robert G. Spevack of counsel), for appellants.
Amabile & Erman, P.C., Staten Island, NY (Adriana M. Solimeo of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the plaintiff appeals from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated September 14, 2020. The order, insofar as appealed from, denied the plaintiffs' motion for leave to amend the complaint to add a claim for punitive damages.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Although leave to amend a pleading should be freely given in the absence of prejudice or surprise to the opposing party (see CPLR 3025[b]), a motion for leave to amend should be denied where the proposed amendment is palpably insufficient or patently devoid of merit (see J.W. Mays, Inc. v Liberty Mut. Ins. Co., 153 AD3d 1386, 1387). Further, "[w]hether to grant such leave is within the motion court's discretion, the exercise of which will not be lightly disturbed" (Pergament v Roach, 41 AD3d 569, 572). Here, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion for leave to amend the complaint to add a claim for punitive damages. The plaintiffs' allegations are palpably insufficient to demonstrate that the defendant's conduct evinced a high degree of moral culpability or constituted willful or wanton negligence or recklessness (see Gioio v Ching Fu Lin, 173 AD3d 982, 982-983; Dmytryszyn v Herschman, 78 AD3d 1108, 1109-1110; Morton v Brookhaven Mem. Hosp., 32 AD3d 381; see generally Gomez v Cabatic, 159 AD3d 62).
IANNACCI, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court